# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-07-00502-CR

**Robert Bryan Reeves, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 51ST JUDICIAL DISTRICT
### NO. A-07-0037-S, HONORABLE JAY K. WEATHERBY, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Robert Bryan Reeves was convicted of burglary of a habitation with intent to commit theft, enhanced by one prior felony conviction, and was sentenced to ten years' imprisonment. *See* Tex. Penal Code Ann. § 30.02 (West 2003). Appellant's appointed attorney has filed a brief concluding that the appeal is frivolous and without merit. *See Anders v. California*, 386 U.S. 738, 743-44 (1967). Appellant has filed a pro se brief complaining that the evidence does not show that the structure in question was a habitation. We affirm the judgment of conviction.

We have considered the record, counsel's brief, and appellant's pro se brief and we agree with counsel that the appeal is frivolous and without merit. *See Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005).[1] We overrule appellant's sole issue on appeal and affirm the

---

[1] The court of criminal appeals in *Bledsoe v. State* held:

When faced with an *Anders* brief and if a later *pro se* brief is filed, the court of appeals has two choices. It may determine that the appeal is wholly frivolous and issue an opinion explaining that it has reviewed the record and finds no reversible error. Or, it may determine that arguable grounds for appeal exist and remand the

judgment of conviction. We grant counsel's motion to withdraw and affirm the judgment of conviction.[2]

_____

David Puryear, Justice

Before Justices Patterson, Puryear and Henson

Affirmed

Filed: September 18, 2008

Do Not Publish

---

cause to the trial court so that new counsel may be appointed to brief the issues. Only after the issues have been briefed by new counsel may the court of appeals address the merits of the issues raised.

178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005) (citations omitted).

[2] No substitute counsel will be appointed. Should appellant wish to seek further review of his case by the court of criminal appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. *See generally* Tex. R. App. P. 68-79 (governing proceedings in the Texas Court of Criminal Appeals). Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the date this Court overrules the last timely motion for rehearing filed. *See* Tex. R. App. P. 68.2. The petition must be filed with this Court, after which it will be forwarded to the court of criminal appeals along with the rest of the filings in the cause. *See* Tex. R. App. P. 68.3, 68.7. Any petition for discretionary review should comply with rules 68.4 and 68.5 of the rules of appellate procedure. *See* Tex. R. App. P. 68.4, 68.5.