COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO.  2-08-110-CR

TWYNA LYNN SHIELDS APPELLANT

A/K/A TWYNA LYNN MCGINNIS

A/K/A TWYNA COLLINS MCGINNIS

V.

THE STATE OF TEXAS STATE

------------

FROM THE 355TH DISTRICT COURT OF HOOD COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

A jury convicted Appellant Twyna Lynn Shields of possession of more than one but less than four grams of methamphetamine, found true to two habitual-offender counts, and assessed punishment at ninety-nine years in prison.  The trial court sentenced her accordingly. 

Appellant’s court-appointed counsel has filed a motion to withdraw as counsel and a brief in support of that motion.  Counsel’s brief and motion meet the requirements of 
Anders v. California
(footnote: 2) by presenting a professional evaluation of the record demonstrating why there are no reversible grounds on appeal and referencing any grounds that might arguably support the appeal.
(footnote: 3) 
 We afforded Appellant an opportunity to file a brief on her own behalf; she did not do so.

In our duties as a reviewing court, we must conduct an independent evaluation of the record to determine whether counsel is correct in determining that the appeal is frivolous.
(footnote: 4)  
Only then may we grant counsel’s motion to withdraw.
(footnote: 5)
 We have carefully reviewed the record and counsel’s brief.  We agree that the appeal is wholly frivolous and without merit.  We find nothing in the record that might arguably support the appeal.
(footnote: 6)  We therefore grant the motion to withdraw filed by Appellant’s counsel and affirm the trial court’s judgment.

PER CURIAM

PANEL: GARDNER, HOLMAN, and WALKER, JJ.

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

DELIVERED:  November 6, 2008 

FOOTNOTES
1:
See
 Tex. R. App. P. 47.4.

2:
386 U.S. 738, 87 S. Ct. 1396 (1967). 

3:
See Mays v. State
, 904 S.W.2d 920, 922–23 (Tex. App.—Fort Worth 1995, no pet.). 

4:
See Stafford v. State
, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); 
Mays
, 904 S.W.2d at 923.  

5:
See Penson v. Ohio
, 488 U.S. 75, 83–84, 109 S. Ct. 346, 351–52 (1988).

6:
See Bledsoe v. State
, 178 S.W.3d 824, 827 (Tex. Crim. App. 2005).