COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-07-352-CR

NO. 2-07-354-CR

BRYAN RAY ROE APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 355TH DISTRICT COURT OF HOOD COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Bryan Ray Roe appeals from two convictions for indecency with a child–exposure.  The trial court convicted him in each case and sentenced him to confinement of ten years’ in each case, with the sentences to run consecutively.  In each case, Appellant’s court-appointed appellate counsel has filed a motion to withdraw as counsel and a brief in support of that motion.  In the briefs, counsel avers that, in his professional opinion, these appeals are frivolous.  Counsel’s briefs and motions meet the requirements of 
Anders v. California
(footnote: 2) 
by presenting a professional evaluation of the records demonstrating why there are no arguable grounds for relief.  Although Appellant was given an opportunity to file a pro se brief, he has not done so.

After an appellant’s court-appointed counsel files a motion to withdraw on the ground that the appeal is frivolous and fulfills the requirements of 
Anders
, this court is obligated to undertake an independent examination of the record.
(footnote: 3)  Only then may we grant counsel’s motion to withdraw.
(footnote: 4)
 We have carefully reviewed counsel’s briefs and the records.  We agree with counsel that these appeals are wholly frivolous and without merit; we find nothing in the records that arguably might support the appeals.
(footnote: 5)  Accordingly, we grant counsel’s motions to withdraw and affirm the trial court’s judgments.

PER CURIAM

PANEL:  DAUPHINOT, WALKER, and MCCOY, JJ.

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

DELIVERED: February 26, 2009

FOOTNOTES
1:
See
 Tex. R. App. P. 47.4.

2:
386 U.S. 738, 87 S. Ct. 1396 (1967).

3:
See Stafford v. State
, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); 
Mays v. State,
 904 S.W.2d 920, 922–23 (Tex. App.—Fort Worth 1995, no pet.).

4:
See Penson v. Ohio,
 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988). 

5:
See Bledsoe v. State,
 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005).