COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-08-322-CR

 

 

HUSSEIN ALI TAWIL                                                            APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

             FROM THE 43RD
DISTRICT COURT OF PARKER COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

Appellant Hussein Ali Tawil entered an open plea
of guilty to felony driving while intoxicated (DWI), signing a judicial
confession.  The trial court found him
guilty and after a hearing, sentenced him to five years= confinement
in the Institutional Division of the Texas Department of Criminal Justice.








Appellant=s
court-appointed appellate counsel has filed a motion to withdraw as counsel and
a brief in support of that motion.  In
the brief, counsel avers that, in his professional opinion, this appeal is
frivolous.  Counsel=s brief
and motion meet the requirements of Anders v. California[2]
by presenting a professional evaluation of the record demonstrating why there
are no arguable grounds for relief. 
Although Appellant was given an opportunity to file a brief, he has not
done so.








After an appellant=s
court-appointed counsel files a motion to withdraw on the ground that the
appeal is frivolous and fulfills the requirements of Anders, this court
is obligated to undertake an independent examination of the record.[3]  Only then may we grant counsel=s motion
to withdraw.[4]  Because Appellant entered an open plea of
guilty, our independent review for potential error is limited to potential
jurisdictional defects, the voluntariness of his plea, error that is not
independent of and supports the judgment of guilt, and error occurring after
entry of the guilty plea.[5]

We
have carefully reviewed counsel=s brief and the record.  We agree with counsel that this appeal is
wholly frivolous and without merit; we find nothing in the record that arguably
might support the appeal.[6]  Accordingly, we grant counsel=s motion to withdraw and
affirm the trial court=s judgment.

 

 

PER
CURIAM

 

 

PANEL:  DAUPHINOT, GARDNER, and WALKER, JJ.

 

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED: March 12, 2009











[1]See Tex. R. App. P. 47.4.





[2]386 U.S. 738, 87 S. Ct.
1396 (1967).





[3]See Stafford v. State, 813 S.W.2d 503, 511
(Tex. Crim. App. 1991); Mays v. State, 904 S.W.2d 920, 922B23 (Tex. App.CFort Worth 1995, no
pet.).





[4]See Penson v. Ohio, 488 U.S. 75, 82B83, 109 S. Ct. 346, 351B52 (1988).





[5]See Monreal v. State, 99 S.W.3d 615, 620 (Tex.
Crim. App. 2003).





[6]See Bledsoe v. State, 178 S.W.3d 824, 827B28 (Tex. Crim. App.
2005).