

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

**NO. 2-08-359-CR**

JOHN WAYNE JENKINS                                                      APPELLANT

V.

THE STATE OF TEXAS                                                            STATE

------------

## FROM THE 372ND DISTRICT COURT OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

Appellant John Wayne Jenkins pled guilty on November 19, 2007, to one count of aggravated assault with a deadly weapon pursuant to a plea bargain. The trial court suspended imposition of Appellant's sentence pending five years' community supervision. One condition of Appellant's community supervision prohibited him from contacting Kim Jenkins without permission from the court or community supervision officers. The State filed a Petition to Proceed to Adjudication on January 23, 2008, alleging Appellant failed to pay the required court costs, fine,

---

[1] *See* Tex. R. App. P. 47.4.

crime stopper's fee, and attorney's fees due in December 2007. By amended petition, the State subsequently added allegations of improper contact with Kim Jenkins. The trial court conducted a hearing on October 10, 2008, found Appellant violated the terms of his community supervision by directly or indirectly contacting Kim Jenkins, adjudicated Appellant guilty of aggravated assault with a deadly weapon, and sentenced Appellant to twelve years' confinement. Appellant filed his notice of appeal the same day.

Appellant's court-appointed appellate counsel has filed a motion to withdraw as counsel and a brief in support of the motion. In the brief, counsel averred that, in his professional opinion, this appeal is frivolous. Counsel's brief and motion meet the requirements of *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396 (1967), by presenting a professional evaluation of the record and demonstrating why there are no arguable grounds for appeal.[2] We gave Appellant an opportunity to file a pro se brief, and Appellant filed a letter and pro se brief that collectively raise two points.[3]

After an appellant's court-appointed counsel files a motion to withdraw on the ground that the appeal is frivolous and fulfills the requirements of *Anders*, this court is obligated to undertake an independent examination of the record. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *Mays v. State,* 904 S.W.2d

---

[2] Counsel presented eight "potential" issues but explained that each potential issue, in counsel's opinion, is without merit or was not preserved.

[3] Appellant contends that he received ineffective assistance of counsel and that the trial court improperly admitted two letters into evidence at his revocation hearing.

920, 922–23 (Tex. App.—Fort Worth 1995, no pet.). Only then may we grant counsel's motion to withdraw. *See Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).

We have carefully reviewed counsel's brief, Appellant's letter and brief, and the appellate record. We agree with counsel that this appeal is wholly frivolous and without merit; we find nothing in the record that arguably might support any appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005). Accordingly, we grant counsel's motion to withdraw and affirm the trial court's judgment.

PER CURIAM

PANEL: GARDNER, DAUPHINOT, and WALKER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: November 19, 2009