COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                        NO.
2-09-188-CR

                                        NO.
2-09-189-CR

                                        NO.
2-09-190-CR

 

 

KELVIN HAYES A/K/A                                                          APPELLANT

DERRICK HAYES

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

           FROM
THE 371ST DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------








On
December 1, 2008, Appellant Kelvin Hayes a/k/a Derrick Hayes pled guilty
pursuant to a plea bargain to two offenses of aggravated assault with a deadly
weapon and one state jail felony offense of criminal mischief.  The trial court placed him on ten years=
deferred adjudication community supervision for the aggravated assaults and
five years= deferred adjudication community
supervision for the criminal mischief offense. 


Less
than five months later, the State filed a petition to adjudicate in each case,
alleging in all three petitions that Appellant had violated the terms and
conditions of his community supervision by committing a new offenseCdelivery
of a controlled substance, namely, cocaine (Paragraph 1) and by failing to work
at suitable employment and attend the Job Education and Training Skills program
(Paragraph 2).  In the petitions for one
aggravated assault case, Cause No.1099662D, and the criminal mischief case, the
State also alleged that Appellant had violated the terms and conditions of his
community supervision by failing to pay fees (Paragraph 3).  Finally, solely in the petition for Cause No.
1099662D, the State also alleged that Appellant had violated the terms and
conditions of his community supervision by failing to participate in and
complete his community service as ordered (Paragraph 4).  








Appellant
pled true to Paragraph 3 in Cause No. 1099662D and in the criminal mischief
case, but he pled not true to all remaining paragraphs in the petitions in the
three cases.  After the hearing, the
trial court found that Appellant had violated the terms and conditions of his
community supervision in each case by committing a new offenseCdelivery
of a controlled substance (Paragraph 1). 
Additionally, in the criminal mischief case, the trial court found that
Appellant had violated the terms and conditions of his community supervision by
failing to pay fees (Paragraph 3), and in Cause No. 1099662D, the trial court
found that Appellant had violated the terms and conditions of his community
supervision by failing to pay fees (Paragraph 3) and by failing to participate
in and complete his community service as ordered (Paragraph 4).  The trial court adjudicated Appellant=s guilt,
found the deadly weapon allegations in the aggravated assault cases true, and
sentenced him to fifteen years=
confinement in each aggravated assault case and eighteen months=
confinement in a state jail facility in the criminal mischief case, with the
sentences to run concurrently. 

Appellant=s
court-appointed appellate counsel has filed a motion to withdraw as counsel and
a brief in support of that motion.  In
the brief, counsel avers that, in her professional opinion, these appeals are
frivolous.  Counsel=s brief
and motion meet the requirements of Anders v. California[2]
by presenting a professional evaluation of the records demonstrating why there
are no arguable grounds for relief.[3]  This court afforded Appellant the opportunity
to file a brief on his own behalf, but he did not.








Once an
appellant=s court-appointed counsel files
a motion to withdraw on the ground that the appeal is frivolous and fulfills
the requirements of Anders, we are obligated to undertake an independent
examination of the record to see if there is any arguable ground that may be
raised on his behalf.[4]  Only then may we grant counsel=s motion
to withdraw.[5]

We have
carefully reviewed the records and counsel=s
brief.  We agree with counsel that the
appeals are wholly frivolous and without merit. 
We find nothing in the records that might arguably support the appeals.[6]  Consequently, we grant the motion to withdraw
and affirm the trial court=s
judgments.

PER
CURIAM

PANEL:  DAUPHINOT, WALKER, and MCCOY, JJ.

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  December 17, 2009











[1]See Tex. R. App. P. 47.4.





[2]386 U.S. 738, 87 S. Ct.
1396 (1967). 





[3]See Mays v. State, 904 S.W.2d 920, 922B23 (Tex. App.CFort Worth 1995, no pet.).  





[4]See Stafford v. State, 813 S.W.2d 503, 511
(Tex. Crim. App. 1991); Mays, 904 S.W.2d at 923.





[5]See Penson v. Ohio, 488 U.S. 75, 82B83, 109 S. Ct. 346, 351 (1988).





[6]See Bledsoe v. State, 178 S.W.3d 824, 827
(Tex. Crim. App. 2005).