NO. 07-09-0221-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

FEBRUARY 18, 2010

_____

KALMINE SHANELL MENSON, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 47TH DISTRICT COURT OF RANDALL COUNTY;

NO. 19,085-A; HONORABLE HAL MINER, JUDGE

_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**ABATEMENT AND REMAND**

On June 18, 2007, Appellant was charged by information with the second degree felony offense of aggravated assault.[1] The information also contained an enhancement paragraph alleging that Appellant had previously been convicted of the felony offense of

---

[1] Tex. Penal Code Ann. § 22.02.  (Vernon Supp. 2009).

aggravated robbery.[2]  Pursuant to a plea bargain, Appellant was placed on deferred adjudication community supervision.  In 2009, the State filed a motion to proceed, alleging ten violations of the terms and conditions of community supervision.  Appellant entered a plea of "not true" to those allegations.  After a hearing on the State's motion, the trial court found seven of the ten allegations to be true, and adjudicated Appellant guilty of the charged offense.

At the commencement of the punishment phase of the proceeding, no plea was taken as to the enhancement allegation.  Brief testimony was presented that Appellant had previously been adjudicated as a juvenile for the offense of aggravated robbery, but no order of adjudication was offered and no evidence was presented as to when that offense was committed.[3]  At the conclusion of the hearing, no § 12.42 finding was made as to whether Appellant had previously either been convicted of a felony or adjudicated guilty of delinquent conduct occurring after January 1, 1996.  The trial court then sentenced Appellant to twenty-five years confinement and a $2,000 fine.  In presenting this appeal, counsel has filed an *Anders*[4] brief in support of a motion to withdraw.  For

---

[2] If it is shown on the trial of a second degree felony that the defendant has been once before convicted of a felony, on conviction he shall be punished for a first degree felony.  Texas Penal Code Ann. § 12.42(b) (Vernon Supp. 2009).

[3] For purposes of enhancement pursuant to Texas Penal Code § 12.42(b), an adjudication by a juvenile court under section 54.03, Family Code, that a child engaged in delinquent conduct on or after January 1, 1996, constituting a felony offense for which the child is committed to the Texas Youth Commission under section 54.04(d)(2), (d)(3), or (m), Family Code, or section 54.05(f), Family Code, is a final felony conviction.  *See* Tex. Penal Code Ann. § 12.42(f) (Vernon Supp. 2009).

[4]*Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

the reasons expressed herein, we abate this appeal and remand this cause to the trial court for appointment of new counsel.

When faced with an *Anders* brief, an appellate court has a duty to conduct a full examination of the proceeding, and if its independent inquiry reveals a nonfrivolous or arguable ground for appeal, it must abate the proceeding and remand the case to the trial court so that new counsel can be appointed to brief the issues. *See Penson v. Ohio*, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); *Bledsoe v. State*, 178 S.W.3d 824 (Tex.Crim.App. 2005).

Because the trial court assessed Appellant's sentence outside the range of punishment for a second degree felony,[5] a finding of true as to the enhancement paragraph was essential to support the trial court's sentence of twenty-five years confinement. Given the facts of this case, at least four potential issues arise:

(1) Did the trial court err by not taking a plea to the enhancement allegation?

(2) Did the trial court err by not making a finding of true to the enhancement allegation?

(3) Was any implied finding of true to the enhancement allegation supported by legally and factually sufficient evidence?

(4) Was the error, if any, harmless?

---

[5] An individual adjudged guilty of a felony of the second degree shall be punished by imprisonment for any term of not more than 20 years or less than 2 years. Tex. Penal Code Ann. §12.33(a) (Vernon Supp. 2009).

Therefore, having concluded that an arguable ground for appeal exists affecting the punishment phase of Appellant's trial, we grant Appellant's counsel's motion to withdraw, abate this proceeding, and remand this cause to the trial court for the appointment of new counsel. *See Bledsoe,* 178 S.W.3d at 827; *Stafford v. State,* 813 S.W.2d 503, 511 (Tex.Crim.App. 1991).

We direct the trial court to appoint new counsel to represent Appellant on appeal by March 15, 2010. The trial court shall furnish the name, address, telephone number, and state bar number of new counsel to the clerk of this Court immediately after the appointment of counsel is ordered. Finally, the trial court shall cause its order appointing counsel to be included in a supplemental clerk's record which shall be filed with the Clerk of this Court by March 26, 2010.

Appellant's brief shall be due forty-five days from the date of the trial court's appointment of new counsel. All other appellate deadlines, including the State's right to file Appellee's brief, shall be in accordance with the Texas Rules of Appellate Procedure.

It is so ordered.

Per Curiam

Do not publish.

4