

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-10-00016-CR

DAVID WILLIAM                                                APPELLANT

V.

THE STATE OF TEXAS                                            STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 1 OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

----------

Appellant David William pled guilty pursuant to a plea bargain to burglary of a habitation. The trial court placed him on four years' deferred adjudication community supervision. Almost seven months later, the State filed a petition to adjudicate, alleging several violations, including the commission of a new offense. Appellant pled "not true" to all allegations. After an adjudication hearing, the trial court found many of the allegations, including that regarding the

---

[1]*See* Tex. R. App. P. 47.4.

commission of a new offense, true. After a sentencing hearing, the trial court sentenced Appellant to eight years' confinement.

Appellant's court-appointed appellate counsel has filed a motion to withdraw as counsel and a brief in support of that motion. In the brief, counsel avers that, in his professional opinion, this appeal is frivolous. Counsel's brief and motion meet the requirements of *Anders v. California*[2] by presenting a professional evaluation of the record demonstrating why there are no arguable grounds for relief.[3] This court afforded Appellant the opportunity to file a brief on his own behalf, but he did not.

Once an appellant's court-appointed counsel files a motion to withdraw on the ground that the appeal is frivolous and fulfills the requirements of *Anders*, we are obligated to undertake an independent examination of the record to see if there is any arguable ground that may be raised on his behalf.[4] Only then may we grant counsel's motion to withdraw.[5]

We have carefully reviewed the record and counsel's brief. We agree with counsel that the appeal is wholly frivolous and without merit. We find nothing in

---

[2]*Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396 (1967).

[3]*See Stafford v. State*, 813 S.W.2d 503, 510–11 & n.3 (Tex. Crim. App. 1991).

[4]*See id.* at 511.

[5]*See Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).

the record that might arguably support the appeal.[6]  Consequently, we grant the motion to withdraw and affirm the trial court's judgment.


PER CURIAM

PANEL:  DAUPHINOT, WALKER, and MCCOY, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  December 16, 2010

---

[6]*See Bledsoe v. State*, 178 S.W.3d 824, 827 (Tex. Crim. App. 2005).

3