**Jamie Lee BLEDSOE, Appellant**

v.

**The STATE of Texas.**

**No. PD–300–04.**

Court of Criminal Appeals of Texas.

Nov. 16, 2005.

Jeffrey D. Adams, Center, for appellant.

Patrice Savage, Special Prosecutor, Carthage, Matthew Paul, State's Attorney, Austin, for state.

MEYERS, J., delivered the opinion for a unanimous Court.

Appellant was charged with and convicted of the offense of escape.[1] A jury sentenced him to fifteen years' imprisonment in the Texas Department of Criminal Justice-institutional division, and assessed a $5,000.00 fine. Appellant's counsel filed an *Anders*[2] brief with the court of appeals and moved to withdraw from the case. Appellant also filed a brief with the court of appeals in response to the *Anders* brief.

---

1. TEX. PEN.CODE section 38.06.

2. *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

In a memorandum opinion, the court of appeals stated that no reversible error existed and affirmed the conviction. We affirm the decision of the court of appeals.

## I. Appellate History and Grounds for Review

Appellant was formally sentenced on July 27, 2000, and timely filed his notice of appeal. Appellant's counsel subsequently filed an *Anders* brief on December 4, 2000. The Twelfth Court of Appeals handed down its opinion on May 8, 2002, in which it considered the ineffective assistance of counsel claims listed in Appellant's counsel's *Anders* brief and determined that the record did not support the argument that Appellant received ineffective assistance of counsel. Appellant's *pro se* response was not considered because it was not based on the record. The court affirmed Appellant's conviction and granted the motion of Appellant's counsel to withdraw.[3] Appellant then filed a motion for rehearing, which the court of appeals granted upon finding that Appellant did not receive a copy of counsel's *Anders* brief or the trial record, and therefore was unable to prepare a satisfactory *pro se* response. Appellant's newly appointed counsel then filed an *Anders* brief, to which Appellant filed a *pro se* response.

The court of appeals issued a memorandum opinion on November 19, 2003, which we reproduce in its entirety as follows:

### MEMORANDUM OPINION

Jamie Lee Bledsoe ("Appellant") was convicted of escape and was sentenced to fifteen years of imprisonment and fined $5,000.00. Appellant's counsel filed a brief in compliance with *Anders v. California* and *Gainous v. State*. Appellant also filed a brief *pro se*, asserting legal and factual insufficiency of the evidence, ineffective assistance of counsel, charge error, and denial of his right to confront witnesses as grounds for reversing his conviction. We affirm.

### BACKGROUND

Appellant was charged by indictment with the offense of escape. On June 26, 2000, his case was tried to a jury and a guilty verdict was rendered on June 27. Appellant elected to have the jury assess punishment and was sentenced to fifteen years of imprisonment and a $5,000.00 fine. Appellant timely filed his notice of appeal on July 27.

### ANALYSIS PURSUANT TO ANDERS V. CALIFORNIA

Appellant's counsel filed a brief in compliance with *Anders v. California* and *Gainous v. State*, stating that he has diligently reviewed the appellate record and is of the opinion that the record reflects no reversible error and that there is no error upon which an appeal can be predicated. He further relates that he is well acquainted with the facts in this case. In compliance with *Anders, Gainous,* and *High v. State*, Appellant's brief presents a chronological summation of the procedural history of the case, and further states that Appellant's counsel is unable to raise any arguable issues for appeal. We have likewise reviewed the record for reversible error and have found none.

As required by *Stafford v. State*, Appellant's counsel has moved for leave to withdraw. We carried the motion for consideration with the merits of the appeal. Having done so and finding no reversible error, Appellant counsel's motion for leave to withdraw is hereby *granted* and the trial court's judgment is *affirmed.*

---

3. *Bledsoe v. State*, No. 12–00–00271–CR, 2002 WL 962251, 2002 Tex.App. LEXIS 3287 (Tex. App.-Tyler May 8, 2002) (not designated for publication).

*Bledsoe v. State,* No. 12–00–00271–CR, 2003 WL 22724627, 2003 Tex.App. LEXIS 9860 (Tex.App.-Tyler November 19, 2003) (not designated for publication) (citations omitted).

We granted review on two grounds. First, did the court of appeals err in handing down a memorandum opinion that fails to address any of Appellant's appellate issues for final disposition? And second, did the court of appeals err in declining to review the sufficiency of evidence claim raised by Appellant?

Appellant argues that the memorandum opinion of the court of appeals is in violation of Texas Rule of Appellate Procedure 47.1, which requires that a memorandum opinion address every issue raised and necessary to the final disposition of the case. He further asserts that without an explanation for the court's affirmation of his conviction, he is prevented from filing a proper petition for discretionary review with this Court on the merits of his appeal.

The State contends that the court of appeals did not err in failing to address the Appellant's arguments because in Texas, defendants are not entitled to "dual" or "hybrid" representation.

## II. Analysis

Texas Rule of Appellate Procedure 47.1 sets out the requirements for appellate court opinions. It states that a court of appeals "must hand down a written opinion that is as brief as practicable but that addresses every issue raised and necessary to final disposition of the appeal." If the issues are settled, the court may issue a memorandum opinion, which rule 47.1 states should be "no longer than necessary to advise the parties of the court's decision and the basic reasons for it."

 In this case, Appellant's counsel submitted an *Anders* brief, pursuant to the United States Supreme Court's decision in *Anders v. California.* Appellant's counsel requested to withdraw from the case because he believed that after a thorough review of the record, he could find no error to raise any arguable issues for appeal. Appellant also submitted a *pro se* brief to the court.[4] In it, he raised several points of error, including legal and factual insufficiency of the evidence, charge error, denial of the right to confront witnesses, and ineffective assistance of counsel. The court of appeals mentioned the claims Appellant brought forth in his *pro se* brief and stated that it reviewed the record and found no reversible error.[5] Appellant argues that this falls short of the requirements of Texas Rule of Appellate Procedure 47.1, which states that even a memorandum opinion must advise the respective parties not only of the court's decision, but also the basic reasons for it. Due to the nature of *Anders* briefs, we disagree with Appellant that the court of appeals should have addressed the merits of the issues raised.

When faced with an *Anders* brief and if a later *pro se* brief is filed, the court of appeals has two choices. It may determine that the appeal is wholly frivolous and issue an opinion explaining that it has reviewed the record and finds no revers-

**4.** *See Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); *Stafford v. State,* 813 S.W.2d 503, 510 (Tex.Crim.App. 1991) (quoting *Anders v. California:* "A copy of counsel's brief should be furnished the indigent and time allowed for him to raise any points that he chooses; the court, not counsel, then proceeds, after a full examination of the proceedings, to decide whether the case is wholly frivolous.").

**5.** *Bledsoe v. State,* No. 12–00–00271–CR, 2003 WL 22724627, 2003 Tex.App. LEXIS 9860 (Tex.App.-Tyler November 19, 2003) (not designated for publication).

ible error. *Anders*, 386 U.S. at 744, 87 S.Ct. 1396. Or, it may determine that arguable grounds for appeal exist and remand the cause to the trial court so that new counsel may be appointed to brief the issues. *Stafford*, 813 S.W.2d at 511. Only after the issues have been briefed by new counsel may the court of appeals address the merits of the issues raised. *Id.* at 509–10 (quoting *Anders*, 386 U.S. at 744, 87 S.Ct. 1396). If the court of appeals were to review the case and issue an opinion which addressed and rejected the merits raised in a *pro se* response to an *Anders* brief, then Appellant would be deprived of the meaningful assistance of counsel. Furthermore, this does not deprive Appellant of his right to file a petition for discretionary review. Appellant is free to file a petition for discretionary review with this Court claiming that the court of appeals erred in holding that there were no arguable grounds for review.[6]

█ The State argues that the court of appeals was not required to consider or address any of Appellant's arguments, because Appellant's counsel had already filed a brief, and in the State of Texas, Appellants are not entitled to "hybrid" or "dual" representation. For the reasons stated above, we agree that the court of appeals was not required to address Appellant's claims. We disagree with the State's argument that Appellant's *pro se* response to the *Anders* brief constituted hybrid or dual representation. The State cites two cases for this proposition, *Rudd v. State*, 616 S.W.2d 623 (Tex.Crim.App. [Panel op.] 1981), and *Landers v. State*, 550 S.W.2d 272 (Tex.Crim.App.1977). The State's reliance on these cases, however, is misplaced.

*Landers* involved a trial in which the defendant wanted to represent himself some of the time, and wanted to have counsel represent him for the remainder of the time. We held that an accused does not have the right to be both represented by counsel and also propound his own questions to witnesses and make jury argument on his own behalf. In *Rudd*, the appellant's counsel filed a brief and, in addition to counsel's brief, appellant wanted the court to consider a *pro se* brief he had written. Both of these cases are distinguishable from the present situation. Under *Anders*, an appellant has a right to review the *Anders* brief that counsel submitted and to respond to it on his own. In the case before us, the *pro se* brief that Appellant filed in response to his counsel's filing of an *Anders* brief is not dual representation as seen in the *Rudd* and *Landers* cases. In *Rudd*, the appellant wished to have two separate briefs; his counsel had already filed a brief raising arguable issues to the court, and he wished to file an additional *pro se* brief. In this case, Appellant's brief is a response to his counsel attempting to withdraw from his case.

In his second ground for review, Appellant asserts that the court of appeals erred in declining to review his sufficiency of the evidence claims. As stated above, the court of appeals is not required to review the merits of each claim raised in an *Anders* brief or a *pro se* response. The court's duty is to determine whether there are any arguable grounds and if there are, to remand to the trial court so that new counsel may be appointed to brief the issues.

### III. Conclusion

Due to the nature of *Anders* briefs, by indicating in the opinion that it considered

---

6. While an appellant has a right to *file* a petition for discretionary review with this Court, *review* is not a matter of right. *See* Texas Rule of Appellate Procedure 66.2; Texas Constitution Article V, § 5(b).

the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirements of Texas Rule of Appellate Procedure 47.1. The decision of the court of appeals is affirmed.