NO. 07-06-0435-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

MAY 14, 2007
_____

JIMMY JOSEPH SANCHEZ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 287TH DISTRICT COURT OF PARMER COUNTY;

NO. 2672.01; HONORABLE GORDON H. GREEN, JUDGE
_____

Before CAMPBELL, HANCOCK and PIRTLE, JJ.

_____**ON ABATEMENT AND REMAND**

Appellant, Jimmy Joseph Sanchez, appeals his conviction for aggravated robbery. Appellant's attorney has filed a brief in compliance with Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and certifies that there are no non-frivolous issues to appeal. Because of the court's concern regarding representation of appellant on appeal, we grant attorney's motion to withdraw, deny attorney's motion to file supplemental response brief, abate the appeal, and remand the case back to the trial court for appointment of new counsel.

## Background

Appellant was charged with aggravated robbery. After a jury trial, appellant was found guilty and sentenced to thirty (30) years confinement in the Texas Department of Criminal Justice, Institutional Division. Appellant appeals his conviction and sentence. His appellate counsel has filed a motion to withdraw along with an Anders brief. Anders, 386 U.S. at 744-45.

In cases where an Anders brief has been filed and later a *pro se* response, we are faced with two choices. We may determine that the appeal is wholly frivolous and issue an opinion explaining that after a review of the record, we find no reversible error. See Bledsoe v. State, 178 S.W.3d 824, 826-27 (Tex.Crim.App. 2005). Or, we may determine that arguable grounds for appeal exist and remand the cause to the trial court so that new counsel may be appointed to brief the issues. Id. at 827.

In cases where appellate counsel has filed an Anders brief stating that there are no arguable grounds for appeal and has filed a motion to withdraw, appellate counsel must be allowed to withdraw. See Stafford v. State, 813 S.W.2d 503, 511 (Tex.Crim.App. 1991) An appellant is entitled to respond to his counsel's Anders brief. Bledsoe, 178 S.W.3d at 827. If issues are raised in the *pro se* response that are arguable grounds for appeal, the court cannot address the merits of the issues until the issues have been briefed by new counsel. See Bledsoe, 178 S.W.3d at 827; Stafford, 813 S.W.2d. at 511. If the court of appeals were to review the case and issue an opinion which addressed and rejected the merits raised in a *pro se* response to an Anders brief, then appellant would be deprived of

2

the meaningful assistance of counsel. See Bledsoe, 178 S.W.3d at 827. Appellate counsel cannot file an Anders brief and also file a brief raising arguable grounds for appeal. See Stafford, 813 S.W.2d. at 511.

In this matter, counsel filed an Anders brief on February 15, 2007. Appellant's response to counsel's Anders brief was due on May 2, 2007. On May 1, 2007, counsel received correspondence from appellant requesting assistance in responding to the Anders brief. Counsel, attempting to assist appellant, filed a Motion for Leave to File Supplemental Response Brief responding to the Anders brief and Appellant's Supplemental Response Brief presenting two issues as arguable points of appeal. However, counsel maintains his position that appellant's appeal is frivolous and does not attempt to withdraw his Anders brief. Counsel cannot file an Anders brief and a brief on behalf of his client purporting to raise non-frivolous issues. "The constitutional requirement of substantial equality and fair process can only be attained where counsel acts in the role of an active advocate in behalf of his client, as opposed to that of *amicus curiae* . . . ." Stafford, 813 S.W.2d at 509 (quoting Anders, 386 U.S. at 744). Further, were a *pro se* defendant to raise issues on his own that were non-frivolous, this court would be required to allow counsel to withdraw and abate the matter to the trial court for appointment of new counsel.

Therefore, we grant counsel's motion to withdraw, deny counsel's request to file supplemental response brief, abate the appeal, and remand the cause to the trial court. Upon remand, the trial court should conduct a hearing within 30 days to determine whether (1) appellant wishes to continue his appeal; (2) appellant remains indigent; and (3) if

indigent, appoint new counsel to represent appellant on appeal. The trial court shall direct the newly appointed counsel, if any, to file appellant's brief within 30 days after his or her appointment, and shall furnish the name, address and State Bar number of appointed counsel to the Clerk of this Court immediately after the appointment is made.

It is so ordered.

Per Curiam

Do not publish.