

# COURT OF APPEALS

## SECOND DISTRICT OF TEXAS
## FORT WORTH

NO. 2-09-188-CR
NO. 2-09-189-CR
NO. 2-09-190-CR

KELVIN HAYES A/K/A                                              APPELLANT
DERRICK HAYES

V.

THE STATE OF TEXAS                                                    STATE

------------

FROM THE 371ST DISTRICT COURT OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

On December 1, 2008, Appellant Kelvin Hayes a/k/a Derrick Hayes pled guilty pursuant to a plea bargain to two offenses of aggravated assault with a deadly weapon and one state jail felony offense of criminal mischief. The trial court placed him on ten years' deferred adjudication community supervision for

---

[1] *See* Tex. R. App. P. 47.4.

the aggravated assaults and five years' deferred adjudication community supervision for the criminal mischief offense.

Less than five months later, the State filed a petition to adjudicate in each case, alleging in all three petitions that Appellant had violated the terms and conditions of his community supervision by committing a new offense—delivery of a controlled substance, namely, cocaine (Paragraph 1) and by failing to work at suitable employment and attend the Job Education and Training Skills program (Paragraph 2). In the petitions for one aggravated assault case, Cause No.1099662D, and the criminal mischief case, the State also alleged that Appellant had violated the terms and conditions of his community supervision by failing to pay fees (Paragraph 3). Finally, solely in the petition for Cause No. 1099662D, the State also alleged that Appellant had violated the terms and conditions of his community supervision by failing to participate in and complete his community service as ordered (Paragraph 4).

Appellant pled true to Paragraph 3 in Cause No. 1099662D and in the criminal mischief case, but he pled not true to all remaining paragraphs in the petitions in the three cases. After the hearing, the trial court found that Appellant had violated the terms and conditions of his community supervision in each case by committing a new offense—delivery of a controlled substance (Paragraph 1). Additionally, in the criminal mischief case, the trial court found

that Appellant had violated the terms and conditions of his community supervision by failing to pay fees (Paragraph 3), and in Cause No. 1099662D, the trial court found that Appellant had violated the terms and conditions of his community supervision by failing to pay fees (Paragraph 3) and by failing to participate in and complete his community service as ordered (Paragraph 4). The trial court adjudicated Appellant's guilt, found the deadly weapon allegations in the aggravated assault cases true, and sentenced him to fifteen years' confinement in each aggravated assault case and eighteen months' confinement in a state jail facility in the criminal mischief case, with the sentences to run concurrently.

Appellant's court-appointed appellate counsel has filed a motion to withdraw as counsel and a brief in support of that motion. In the brief, counsel avers that, in her professional opinion, these appeals are frivolous. Counsel's brief and motion meet the requirements of *Anders v. California*[2] by presenting a professional evaluation of the records demonstrating why there are no arguable grounds for relief.[3] This court afforded Appellant the opportunity to file a brief on his own behalf, but he did not.

---

[2] 386 U.S. 738, 87 S. Ct. 1396 (1967).

[3] *See Mays v. State*, 904 S.W.2d 920, 922–23 (Tex. App.—Fort Worth 1995, no pet.).

Once an appellant's court-appointed counsel files a motion to withdraw on the ground that the appeal is frivolous and fulfills the requirements of *Anders*, we are obligated to undertake an independent examination of the record to see if there is any arguable ground that may be raised on his behalf.[4] Only then may we grant counsel's motion to withdraw.[5]

We have carefully reviewed the records and counsel's brief. We agree with counsel that the appeals are wholly frivolous and without merit. We find nothing in the records that might arguably support the appeals.[6] Consequently, we grant the motion to withdraw and affirm the trial court's judgments.

PER CURIAM

PANEL: DAUPHINOT, WALKER, and MCCOY, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: December 17, 2009

---

[4] *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *Mays*, 904 S.W.2d at 923.

[5] *See Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).

[6] *See Bledsoe v. State*, 178 S.W.3d 824, 827 (Tex. Crim. App. 2005).