COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                        NO.
2-09-191-CR

 

 

RONALD SHORTY                                                                APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

           FROM
THE 372ND DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

 








Appellant
Ronald Shorty pleaded guilty to sexual assault pursuant to a plea bargain agreement.  On January 5, 2009, the trial court placed
him on five years= deferred adjudication community
supervision.  The State filed a petition
to proceed to adjudication on March 12, 2009, alleging that Shorty had violated
two conditions of his community supervision. 
Shorty=s court-appointed trial counsel
filed a motion for competency exam, and the trial court appointed Dr. Barry
Norman to conduct the exam.  Dr. Norman
concluded that Shorty was competent to stand trial.  Shorty pleaded Atrue@ to the
allegations in the State=s petition to proceed to
adjudication.  The State waived one
allegation in its petition.  The trial
court found that the second allegation in the State=s
petition was true, adjudicated Shorty guilty, and sentenced him to nine years=
confinement.

Shorty=s court‑appointed
appellate counsel has filed a motion to withdraw as counsel and a brief in
support of that motion.  In the brief,
counsel averred that, in his professional opinion, this appeal is
frivolous.  Counsel=s brief
and motion meet the requirements of Anders v. California[2]
by presenting a professional evaluation of the record demonstrating why there
are no reversible grounds on appeal and referencing any grounds that might
arguably support the appeal.  See Mays
v. State, 904 S.W.2d 920, 922B23 (Tex.
App.CFort
Worth 1995, no pet.).  This court
afforded Shorty the opportunity to file a brief on his own behalf, but he did
not do so.








Once an
appellant=s court-appointed attorney files
a motion to withdraw on the ground that the appeal is frivolous and fulfills
the requirements of Anders, this court is obligated to undertake an
independent examination of the record.  See
Stafford v. State, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); Mays,
904 S.W.2d at 922B23.  Only then may we grant counsel=s motion
to withdraw.  See Penson v. Ohio,
488 U.S. 75, 82B83, 109 S. Ct. 346, 351 (1988).

We have
carefully reviewed counsel=s brief
and the record.   We agree with counsel
that the appeal is wholly frivolous and without merit.  We find nothing in the record that might
arguably support the appeal.  See
Bledsoe v. State, 178 S.W.3d 824, 827B28 (Tex.
Crim. App. 2005).  Accordingly, we grant
counsel=s motion
to withdraw and affirm the trial court=s
judgment.

 

SUE WALKER

JUSTICE

 

PANEL: DAUPHINOT, GARDNER, and WALKER, JJ.

 

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED: January 14, 2010











[1]See Tex. R. App. P. 47.4.





[2]386 U.S. 738, 87 S. Ct.
1396 (1967).