Opinion issued June 17, 2010

 

 

 



 

In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-09-00498-CR

———————————

Kevin Hughes, Appellant

V.

The State of
Texas, Appellee



 



 

On Appeal from the 228th District Court

Harris County, Texas



Trial Court Case No. 1155445



 

MEMORANDUM OPINION

          Appellant, Kevin Hughes, pleaded guilty, without an
agreed recommendation as to punishment with the State, to the offense of burglary
of a habitation.[1]  After a presentence investigation hearing,
the trial court sentenced appellant to confinement for 10 years. 

          Counsel
represents that he has served a copy of the brief on appellant.  Counsel also advised appellant of his right
to examine the appellate record and file a pro se brief.  See Stafford v. State, 813 S.W.2d 503,
510 (Tex. Crim. App. 1991).  More than 30
days have passed, and appellant has not filed a pro se brief.  Having reviewed the record and counsel’s
brief, we agree that the appeal is frivolous and without merit and that there
is no reversible error.  See Bledsoe
v. State, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).  

          We affirm
the judgment of the trial court and grant counsel’s motion to withdraw.[2]  Attorney Wilford A. Anderson must immediately
send the notice required by Texas Rule of Appellate Procedure 6.5(c) and file a
copy of that notice with the Clerk of this Court.

          We
deny as moot any pending motions.

PER CURIAM

Panel
consists of Justices Keyes, Hanks, and Higley.

Do
not publish.   Tex. R. App. P. 47.2(b).











[1]
           The trial court's certification dated June 3,
2009 states: I, judge of the trial court, certify this criminal case: is not a
plea bargain-case, and the defendant has the right of appeal."  Appellant's notice of appeal is dated June 3,
2009.  The trial court sentenced
appellant on June 3, 2009 and signed the judgment on June 3, 2009.  The trial court's June 3, 2009 certification
of right of appeal is supported by the record.

 





[2]           Appointed counsel still has a duty to inform
appellant of the result of this appeal and that he may, on his own, pursue
discretionary review in the Texas Court of Criminal Appeals.  See Bledsoe v. State, 178 S.W.3d 824,
826-27 (Tex. Crim. App. 2005).