COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                                 NO.
2-09-333-CR

 

 

JORGE LUIS FRAIRE                                                                        APPELLANT

 

                                                             V.

 

THE STATE OF TEXAS                                                                             STATE

 

                                                       ------------

 

          FROM
CRIMINAL DISTRICT COURT NO. 1 OF TARRANT COUNTY

 

                                                       ------------

 

                                      MEMORANDUM OPINION[1]

 

                                                       ------------








On
January 9, 2009, Appellant Jorge Luis Fraire pled guilty pursuant to a plea
bargain to fraudulent use of identifying information.  The trial court placed him on three years=
deferred adjudication community supervision. 
Less than six months later, the State filed a petition to adjudicate,
alleging among other things that Appellant had violated the terms and
conditions of his community supervision in February and May 2009 by failing to
report to Tarrant County by mail as instructed by the supervision officer.  While he pled untrue to other allegations,
Appellant pled true to this paragraph. 
After a hearing, the trial court adjudicated Appellant=s
guilt and sentenced him to six months in a state jail facility.

Appellant=s
court-appointed appellate counsel has filed a motion to withdraw as counsel and
a brief in support of that motion.  In
the brief, counsel avers that, in his professional opinion, this appeal is
frivolous.  Counsel=s
brief and motion meet the requirements of Anders v. California[2]
by presenting a professional evaluation of the record demonstrating why there
are no arguable grounds for relief.[3]  This court afforded Appellant the opportunity
to file a brief on his own behalf, but he did not.

Once
an appellant=s
court-appointed counsel files a motion to withdraw on the ground that the
appeal is frivolous and fulfills the requirements of Anders, we are
obligated to undertake an independent examination of the record to see if there
is any arguable ground that may be raised on his behalf.[4]  Only then may we grant counsel=s
motion to withdraw.[5]








We
have carefully reviewed the record and counsel=s
brief.  We agree with counsel that the
appeal is wholly frivolous and without merit. 
We find nothing in the record that might arguably support the appeal.[6]  Consequently, we grant the motion to withdraw
and affirm the trial court=s
judgment.

 

PER
CURIAM

PANEL:  DAUPHINOT, MCCOY, and MEIER, JJ.

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:  July 15, 2010











[1]See Tex. R. App. P.
47.4.





[2]386 U.S. 738, 87 S.
Ct. 1396 (1967). 





[3]See Stafford v. State, 813 S.W.2d 503, 510B11 & n.3 (Tex.
Crim. App. 1991).





[4]See id. at 511.





[5]See Penson v. Ohio, 488 U.S. 75, 82B83, 109 S. Ct. 346, 351
(1988).





[6]See Bledsoe v. State, 178 S.W.3d 824, 827
(Tex. Crim. App. 2005).