

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-09-00423-CR

---

SHARIFF J. MOHAMMED                         APPELLANT

V.

THE STATE OF TEXAS                             STATE

----------

FROM THE 371ST DISTRICT COURT OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

Appellant Shariff J. Mohammed pleaded guilty in August 2008 to one count of forgery pursuant to a plea bargain. The trial court suspended imposition of Appellant's sentence pending three years' community supervision. The State filed a petition to proceed to adjudication in July 2009, alleging that Appellant committed two new offenses (paragraphs one and two), failed to report to Tarrant

---

[1]*See* Tex. R. App. P. 47.4.

County by mail in September 2008[2] (paragraph three), and failed to pay the required supervision fees for four separate months (paragraph four). The trial court conducted a hearing on November 6, 2009, and Appellant pleaded true to paragraphs one, two, and four. After Appellant testified, the trial court found the allegations in paragraphs one, two, and four to be true and the allegation in paragraph three to be not true. The trial court then adjudicated Appellant guilty of the original forgery offense and sentenced Appellant to six months' confinement. Appellant filed his notice of appeal on December 2, 2009.

Appellant's court-appointed appellate counsel has filed a motion to withdraw as counsel and a brief in support of the motion. In the brief, counsel averred that, in his professional opinion, this appeal is frivolous. Counsel's brief and motion meet the requirements of *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396 (1967), by presenting a professional evaluation of the record and demonstrating why there are no arguable grounds for appeal. We gave Appellant an opportunity to file a pro se brief, but he did not file one.

After an appellant's court-appointed counsel files a motion to withdraw on the ground that the appeal is frivolous and fulfills the requirements of *Anders*, this court is obligated to undertake an independent examination of the record. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *Mays v. State*, 904 S.W.2d 920, 922–23 (Tex. App.—Fort Worth 1995, no pet.). Only then may

---

[2]Appellant's community supervision had been transferred to Harris County, Texas.

we grant counsel's motion to withdraw. *See Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).

We have carefully reviewed counsel's brief and the appellate record. We agree with counsel that this appeal is wholly frivolous and without merit; we find nothing in the record that arguably might support any appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005). Accordingly, we grant counsel's motion to withdraw and affirm the trial court's judgment.

PER CURIAM

PANEL:  GARDNER, J.; LIVINGSTON, C.J.; and GABRIEL, J.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: December 30, 2010