

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-10-00125-CR

JIMMIE FRANK DITTO                                    APPELLANT

V.

THE STATE OF TEXAS                                        STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 3 OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

Appellant Jimmie Frank Ditto pled guilty to indecency with a child by fondling. In accordance with the plea bargain between appellant and the State, the trial court sentenced appellant to seven years' deferred adjudication community supervision. Several months later, the State filed a motion to adjudicate, alleging, among other things, that appellant had been discharged unsuccessfully from sex offender counseling and that appellant had been in

---

[1]See Tex. R. App. P. 47.4.

contact with children in violation of his community supervision. Appellant pled true to these two allegations. The trial court heard evidence about the two allegations,[2] adjudicated appellant guilty, and recessed the proceedings for the preparation of a presentence investigation report (PSI) requested by appellant.

At the continued hearing, the trial court took judicial notice of the clerk's record and the PSI, which the trial court reviewed before the hearing. After hearing argument from the State and appellant's counsel, the trial court assessed appellant's punishment at eleven years' confinement.

Appellant's court-appointed appellate counsel has filed a motion to withdraw as counsel and a brief in support of that motion. In the brief, counsel avers that, in her professional opinion, this appeal is frivolous. Counsel's brief and motion meet the requirements of *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396 (1967), by presenting a professional evaluation of the record demonstrating why there are no arguable grounds for relief. *See Stafford v. State*, 813 S.W.2d 503, 510–11 & n.3 (Tex. Crim. App. 1991). This court afforded appellant the opportunity to file a brief on his own behalf, but he did not.

Once an appellant's court-appointed counsel files a motion to withdraw on the ground that the appeal is frivolous and fulfills the requirements of *Anders*, we are obligated to undertake an independent examination of the record to see if

---

[2]Appellant's counsel was able to elicit evidence that appellant had suffered a stroke about ten years before being placed on deferred adjudication community supervision and that, at times, he seemed confused.

there is any arguable ground that may be raised on his behalf. *See id.* at 511. Only then may we grant counsel's motion to withdraw. *See Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).

We have carefully reviewed the record and counsel's brief. We agree with counsel that the appeal is wholly frivolous and without merit. We find nothing in the record that might arguably support the appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827 (Tex. Crim. App. 2005). Consequently, we grant the motion to withdraw and affirm the trial court's judgment.

PER CURIAM

PANEL:  LIVINGSTON, C.J.; DAUPHINOT and GABRIEL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  December 30, 2010