

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-10-00399-CR

ROBERT CHRISTOPHER                                         APPELLANT
WILLIAMS

V.

THE STATE OF TEXAS                                              STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 1 OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

----------

Appellant Robert Christopher Williams pled guilty pursuant to a plea bargain to felony driving while intoxicated, and the trial court sentenced him to ten years' confinement, probated for ten years. Almost three years later, the State filed a petition for revocation, alleging several violations of the conditions of community supervision. Appellant pled true to allegations that he failed to report in the months of June, October, and December 2009 and February, May, June,

---

[1]See Tex. R. App. P. 47.4.

and July 2010; failed to pay community supervision fees in the months of May, June, July, August, September, November, and December 2009 and January, February, March, April, May, June, and July 2010; and failed to submit urine samples on July 10, 2009, and during the weeks of March 18, March 25, April 22, April 29, September 2, September 9, September 16, September 23, and September 30 of 2009. After a hearing, the trial court revoked Appellant's community supervision and sentenced him to eight years' confinement.

Appellant's court-appointed appellate counsel has filed a motion to withdraw as counsel and a brief in support of that motion. In the brief, counsel avers that, in his professional opinion, this appeal is frivolous. Counsel's brief and motion meet the requirements of *Anders v. California*[2] by presenting a professional evaluation of the record demonstrating why there are no arguable grounds for relief.[3] This court afforded Appellant the opportunity to file a pro se response to the *Anders* brief, and he did so. The State also filed a letter brief in response to Appellant's pro se allegations.

Once an appellant's court-appointed counsel files a motion to withdraw on the ground that the appeal is frivolous and fulfills the requirements of *Anders*, we are obligated to undertake an independent examination of the record to see if

---

[2]386 U.S. 738, 87 S. Ct. 1396 (1967).

[3]*See Stafford v. State*, 813 S.W.2d 503, 510–11 & n.3 (Tex. Crim. App. 1991).

there is any arguable ground that may be raised on his behalf.[4]  Only then may we grant counsel's motion to withdraw.[5]

We have carefully reviewed the record, counsel's brief, Appellant's pro se response, and the State's letter brief.  We agree with counsel that the appeal is wholly frivolous and without merit.  We find nothing in the record that might arguably support the appeal.[6]  Consequently, we grant the motion to withdraw and affirm the trial court's judgment.

PER CURIAM

PANEL:  DAUPHINOT, GARDNER, and WALKER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  September 15, 2011

---

[4] *See id.* at 511.

[5] *See Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).

[6] *See Bledsoe v. State*, 178 S.W.3d 824, 827 (Tex. Crim. App. 2005).