

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-11-00050-CR

MORRIS CLAY MACKEY                              APPELLANT

V.

THE STATE OF TEXAS                                  STATE

----------

## FROM THE 371ST DISTRICT COURT OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

Appellant Morris Clay Mackey entered open pleas of guilty to two counts of aggravated sexual assault. *See* Tex. Penal Code Ann. § 22.021 (West Supp. 2011). A jury found him guilty of each count pursuant to an instructed verdict and, after a trial on punishment, assessed his punishment at twenty-seven years' imprisonment for each count. The trial court sentenced him accordingly, ordering

---

[1]*See* Tex. R. App. P. 47.4.

that the sentences run consecutive to Mackey's previously-entered sentence of twenty years' imprisonment for a different offense.

Mackey's court-appointed appellate counsel has filed a motion to withdraw as counsel and a brief in support of that motion. Counsel's brief and motion meet the requirements of *Anders v. California*[2] by presenting a professional evaluation of the record demonstrating why there are no arguable grounds for relief. This court afforded Mackey the opportunity to file a brief on his own behalf, and he has done so.

As the reviewing court, we must conduct an independent evaluation of the record to determine whether counsel is correct in determining that the appeal is frivolous. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *Mays v. State*, 904 S.W.2d 920, 923 (Tex. App.—Fort Worth 1995, no pet.). Only then may we grant counsel's motion to withdraw. *See Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).

We have carefully reviewed the record, counsel's brief, and Mackey's pro-se brief. We agree with counsel that this appeal is wholly frivolous and without merit; we find nothing in the record that arguably might support an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005). Accordingly, we grant counsel's motion to withdraw and affirm the trial court's judgment.

---

[2]386 U.S. 738, 87 S. Ct. 1396 (1967).

PER CURIAM

PANEL:  WALKER, J.; LIVINGSTON, C.J.; and DAUPHINOT, J.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  April 5, 2012