

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-13-00020-CR

DEMARCUS JERRAU MCCLAIN        APPELLANT
JOHNSON A/K/A DEMARCUS
JERRO MCCLAINJOHNSON

V.

THE STATE OF TEXAS        STATE

----------

FROM THE 372ND DISTRICT COURT OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

Appellant Demarcus Jerrau McClain Johnson a/k/a Demarcus Jerro McClainJohnson pled guilty to forgery by possession of a check with intent to pass, a state jail felony.[2] He also signed a judicial confession. The trial court

---

[1]See Tex. R. App. P. 47.4.

[2]See Tex. Penal Code Ann. § 32.21(a)–(b), (d) (West 2011).

placed Appellant on deferred adjudication community supervision for three years and imposed a $300 fine. Less than a year later, the State filed its second petition to proceed to adjudication, alleging three violations of the community supervision condition that he report monthly. The State later amended its second petition to add an allegation that Appellant had violated the condition of community supervision that he commit no offense. Appellant pled true to the allegations. After a hearing, the trial court adjudicated Appellant's guilt and sentenced him to one year's confinement in a state jail facility, awarding credit for time served.

Appellant's court-appointed appellate counsel has filed a motion to withdraw as counsel from this case and a brief in support of that motion. In the brief, counsel avers that, in his professional opinion, this appeal is frivolous. Counsel's brief and motion meet the requirements of *Anders v. California*[3] by presenting a professional evaluation of the record demonstrating why there are no arguable grounds for relief.[4] This court afforded Appellant the opportunity to file a pro se response to the *Anders* brief, but he did not do so. The State likewise did not file a brief.

---

[3]386 U.S. 738, 87 S. Ct. 1396 (1967).

[4]*See Stafford v. State*, 813 S.W.2d 503, 510–11 & n.3 (Tex. Crim. App. 1991).

2

Once an appellant's court-appointed counsel files a motion to withdraw on the ground that an appeal is frivolous and fulfills the requirements of *Anders*, we are obligated to undertake an independent examination of the record to see if there is any arguable ground that may be raised on his behalf.[5]  Only then may we grant counsel's motion to withdraw.[6]

We have carefully reviewed the record and counsel's brief.  We agree with counsel that the appeal is wholly frivolous and without merit.  We find nothing in the record that might arguably support the appeal.[7]  Consequently, we grant the motion to withdraw and affirm the trial court's judgment.

PER CURIAM

PANEL:  DAUPHINOT, J.; LIVINGSTON, C.J.; and GARDNER, J.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  February 20, 2014

---

[5]*See id.* at 511.

[6]*See Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).

[7]*See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).