RECEIVED IN
COURT OF CRIMINAL APPEALS
MAR 31 2015
Abel Acosta, Clerk

Mr. Acosta,

Case # 416-82341-07
Case # 05-13-01141-CR

3-26-15

I had wrote in with a request to enforce or enstate TRAP Rule #2. I did a quick explanation of what TRAP Rule #2 was requesting, but there seems to be a misunderstanding because the response I got back didn't make sense in comparison to what I requested. The response I got back was "The judges or staff of the court can't give legal advice or assistance of any kind." I understand this and know this, but I am not asking for legal advice or assistance. What I am requesting is a subject that a judge has to rule upon. TRAP stands for Texas Rules And Procedures and Rule #2 specifically request or states, "on a party's motion or on it's own initiative an appellate court may - to expedite a decision or for other good cause - suspend a rule's operation in a particular case and order a different procedure." In the State Counsel for Offenders Handbook Vol 1 of 2 it states "to file under TRAP 2, the appellant can request the court of appeals suspend the rules governing the number of copies to be filed due to the appellant's inability to make copies. The issue that arises from this is I mailed in the original request for this on March 12, 2015 thinking this subject would be taken care of by now so all I had to do was mail in the original I wrote with a copy of the one I filed in the 5th circuit court of appeals in Dallas and the opinion handed down by the court of appeals in Dallas. I had filed TRAP Rule 2 with the 5th circuit court in Dallas and they had no problem honoring it and all I had to do is mail in the original and they made the copies and sent them to the correct parties. I am done with my Petition for Discretionary Review but I am not wanting to mail it in until this is ruled upon. I am going to include the original request and the order handed down from the 5th district court of appeals to help make it more clear what I am requesting. Please expedite this request as soon as possible since my deadline is on April 13, 2015 just over 2 weeks away. Hopefully this clears up any

ON BACK →

misunderstandingi Thank you for your time and help on this matter

Sincerely,

Appellant, Pro Se

Jeremy Sandersfeld

TDCJ # 1875695

O.L. Luther Unit

1800 Luther Dr

Navasota, Tx. 77868

To The Honorable Court,  Cause # 416-82341-07
                        Case # 05-13-01141-CR                    3-12-15


I would like to file TRAP Rule 2 which does the suspension of rule, specifically the rule governing the number of copies to be filed due to the appellant's inability to make copies. Please send appellant the courts decision on this matter once ruled upon. Thank you for your time and help on this matter.


Jeremy Sandersfeld                    Sincerely,
TD.CJ # 1875695
O.L. Luther Unit                      Appellant, Pro Se
1800 Luther Dr.
Navasota, Tx. 77868

RECEIVED IN
COURT OF CRIMINAL APPEALS
MAR 18 2015
Abel Acosta, Clerk

Order entered October 14, 2014



In The

# Court of Appeals
# Fifth District of Texas at Dallas

No. 05-13-01141-CR

## JEREMY JOHN SANDERSFELD, Appellant

### V.

## THE STATE OF TEXAS, Appellee

On Appeal from the 296th Judicial District Court
Collin County, Texas
Trial Court Cause No. 416-82341-07

## ORDER

On September 4, 2014, the Court granted appellant an extension until November 10, 2014 to file his pro se response to the *Anders* brief filed by counsel. The Court now has before it appellant's October 10, 2014 request for an extension until December 10, 2014 file his response and also to use rule of appellate procedure 2 to allow him to file only one copy of the brief.

As to his extension request, appellant asserts that the Collin County CSCD has retained counsel to represent "their interest." The only parties to this appeal are appellant and the State of Texas, represented by the Collin County District Attorney's Office. The Collin County District Attorney's Office has already responded that it will not be filing a brief, and the only "briefs" that will be filed in this appeal are the *Anders* brief filed by counsel and appellant's pro se response. *See Bledsoe v. State*, 178 S.W.3d 824, 827 (Tex. Crim. App. 2005).

Accordingly, we **DENY** the extension request. Appellant's pro se response remains due November 10, 2014. If the response is not filed by the date specified, the appeal will be submitted on the *Anders* brief alone.

We **GRANT** appellant's motion to the extent that he is only required to file one copy of his pro se response.

We **DIRECT** the Clerk to send copies of this order, by electronic transmission, to Pamela Lakatos and John Rolater.

We **DIRECT** the Clerk to send a copy of this order, by first-class mail, to Jeremy Sandersfeld, TDCJ No. 1875695, Luther Unit, 1800 Luther Dr., Navasota, Texas 77868.

/s/    LANA MYERS
       JUSTICE