

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-14-00506-CR

---

JESSE JUNIOR CASTRO                                    APPELLANT

V.

THE STATE OF TEXAS                                          STATE

----------

### FROM THE 90TH DISTRICT COURT OF YOUNG COUNTY
### TRIAL COURT NO. 09711

----------

## MEMORANDUM OPINION[1]

----------

Pursuant to a plea bargain, Appellant Jesse Junior Castro pleaded guilty to failure to comply with sex offender registration requirements, a third-degree felony. *See* Tex. Code Crim. Proc. Ann. art. 62.102 (West Supp. 2015). In accordance with the terms of the plea bargain, the trial court sentenced Castro to

---

[1]*See* Tex. R. App. P. 47.4.

ten years' confinement, suspended and probated the sentence for four years, and assessed a $500 fine.

The State subsequently filed a motion to revoke community supervision, alleging that Castro had violated his community-supervision conditions by failing to make certain payments and failing to report. Castro pleaded not true to the allegations, and the trial court, after conducting a revocation hearing, found that the allegations were true and sentenced Castro to ten years' confinement and assessed a $500 fine. This appeal followed.

Castro's court-appointed appellate counsel has filed a motion to withdraw as counsel and a brief in support of that motion. Counsel's brief and motion meet the requirements of *Anders v. California* by presenting a professional evaluation of the record demonstrating why there are no arguable grounds for relief. *See* 386 U.S. 738, 87 S. Ct. 1396 (1967). In compliance with *Kelly v. State*, counsel notified Castro of his motion to withdraw, provided him a copy of the brief, informed him of his right to file a pro se response, informed him of his pro se right to seek discretionary review should this court hold the appeal is frivolous, and took concrete measures to facilitate Castro's review of the appellate record. *See* 436 S.W.3d 313, 319 (Tex. Crim. App. 2014). This court afforded Castro the opportunity to file a response on his own behalf, but he did not do so.

As the reviewing court, we must conduct an independent evaluation of the record to determine whether counsel is correct in determining that the appeal is frivolous. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991);

*Mays v. State*, 904 S.W.2d 920, 923 (Tex. App.—Fort Worth 1995, no pet.).  Only then may we grant counsel's motion to withdraw.  *See Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).

We have carefully reviewed the record and counsel's brief.  We agree with counsel that this appeal is wholly frivolous and without merit; we find nothing in the record that arguably might support an appeal.  *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005).  Accordingly, we grant counsel's motion to withdraw and affirm the trial court's judgment.

/s/ Sue Walker
SUE WALKER
JUSTICE

PANEL:  WALKER, MEIER, and GABRIEL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  December 23, 2015

3