

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

## NO. 02-17-00080-CR

JOHNNY SKIPPER MATTHEWS          APPELLANT

V.

THE STATE OF TEXAS          STATE

----------

### FROM THE 355TH DISTRICT COURT OF HOOD COUNTY
### TRIAL COURT NO. CR13450

----------

## MEMORANDUM OPINION[1]

----------

A jury found Appellant Johnny Skipper Matthews guilty of one count of aggravated sexual assault of a child and three counts of indecency with a child by contact. *See* Tex. Penal Code Ann. § 22.021 (West Supp. 2017), § 21.11 (West Supp. 2017). The jury assessed Matthews's punishment at twenty years' confinement on the single count of aggravated sexual assault of a child and at

---

[1]*See* Tex. R. App. P. 47.4.

ten years' confinement on each of the three counts of indecency with a child by contact. The trial court sentenced Matthews in accordance with the jury's recommendation and ordered the sentences to run concurrently. Matthews timely perfected this appeal.

Matthews's court-appointed appellate counsel has filed a motion to withdraw as counsel and a brief in support of that motion. Counsel's brief and motion meet the requirements of *Anders v. California* by presenting a professional evaluation of the record demonstrating why there are no arguable grounds for relief. *See* 386 U.S. 738, 87 S. Ct. 1396 (1967). In compliance with *Kelly v. State*, counsel notified Matthews of his motion to withdraw, provided him a copy of the brief, informed him of his right to file a pro se response, informed him of his pro se right to seek discretionary review should this court hold the appeal is frivolous, and took concrete measures to facilitate Matthews's review of the appellate record. *See* 436 S.W.3d 313, 319 (Tex. Crim. App. 2014). Although given the opportunity, Matthews did not file a response on his own behalf, and the State did not file a brief.

As the reviewing court, we must conduct an independent evaluation of the record to determine whether counsel is correct in determining that the appeal is frivolous. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *Mays v. State*, 904 S.W.2d 920, 923 (Tex. App.—Fort Worth 1995, no pet.). Only then may we grant counsel's motion to withdraw. *See Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).

2

We have carefully reviewed the record and counsel's brief. We agree with counsel that this appeal is wholly frivolous and without merit; we find nothing in the record that arguably might support an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005). Accordingly, we grant counsel's motion to withdraw and affirm the trial court's judgments.

/s/ Sue Walker
SUE WALKER
JUSTICE

PANEL: SUDDERTH, C.J.; WALKER and KERR, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: December 7, 2017