

# Fourth Court of Appeals
## San Antonio, Texas

November 8, 2018

No. 04-18-00404-CR

Maxwell Lynn **JORDAN**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 187th Judicial District Court, Bexar County, Texas
Trial Court No. 2015CR1752
Honorable Joey Contreras, Judge Presiding

# O R D E R

Appellant's court-appointed attorney filed a brief pursuant to *Anders v. California*, 368 U.S. 738 (1967). On October 15, 2018, appellant filed a motion requesting access to the appellate record. On October 18, 2018 this court granted appellant's motion to access the record, ordered that the district clerk of Bexar County prepare and send a full and complete duplicate copy of the clerk's record and the reporter's record for cause number 2015CR1752 to appellant, and ordered that the district clerk file written notice in this court within ten days confirming the date the record was sent to appellant. This court further ordered that if, after reviewing the record, appellant desires to file a pro se appellate brief, he must do so within thirty days from the date this court receives written notice that the record was sent to appellant by the district clerk. On October 19, 2018, the district clerk filed written notice confirming that the clerk's record, the supplemental clerk's record, and the reporter's record were sent to appellant on the same date.

On October 31, 2018, appellant filed a "Pro Se Motion for Appointment of Counsel on Appeal," in which he requests appointment of appellate counsel. Although appellant's court-appointed attorney filed an *Anders* brief and moved to withdraw from this case, his request to withdraw is held in abeyance and he remains appellant's appointed attorney pending further orders from this court. Once the deadline passes for appellant to file his pro se appellate brief, this court either may "determine the appeal is wholly frivolous and issue an opinion explaining that it has reviewed the record and finds no reversible error," or "determine that arguable grounds for appeal exist and remand the cause to the trial court so that new counsel may be appointed to brief the issues." *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App.

2005). Appellant will not be appointed new appellate counsel unless and until this court determines that arguable grounds for appeal exist. Appellant is reminded that if he desires to file a pro se appellate brief, it is due no later than November 19, 2018.

In addition, appellant's latest pro se motion states:

(1) pages 30 through 41 of the clerk's record "has nothing to do with Appellant or the above styled and numbered cause number"; and

(2) the clerk's record does not contain "the documents of trial counsel appointed on record from Appellant[']s arrest on February 14th 2018 in regards to State's Motion to Enter Adjudication of Guilt and Revoke Community Supervision Dated March 19th 2018 until Attorney Kevin Stryker, Appellant's court appointed counsel abruptly came to an end after trial court dismissed counsel without Appellant[']s knowledge and appointed trial counsel Ronald Zimmerman, one week before sentencing in May 2018."

Appellant is advised that the district clerk has confirmed all orders entered by the trial court in this case have been included in the clerk's record. If appellant believes certain pages of the clerk's record are not related to appellant or this appeal, appellant may argue that point in his appellate brief. If appellant believes certain pages of the clerk's record are missing or if appellant believes the trial court committed legal error in appointing appellant's trial counsel, appellant may argue those points in his appellate brief as well.

Appellant's motion, therefore, is DENIED.


_Sandee Bryan Marion_
Sandee Bryan Marion, Chief Justice


IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 8th day of November, 2018.

_____
Keith E. Hottle
Clerk of Court