

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-21-00154-CR
No. 02-21-00155-CR

_____

WILLIAM NEIL GALLAGHER, Appellant

V.

THE STATE OF TEXAS

On Appeal from Criminal District Court No. 1
Tarrant County, Texas
Trial Court Nos. 1607330D, 1607333D

Before Womack, Wallach, and Walker, JJ.
Memorandum Opinion by Justice Womack

## MEMORANDUM OPINION

Appellant William Neil Gallagher appeals his convictions for theft of property of $300,000 or more, forgery of a financial instrument of the elderly, misapplication of fiduciary or financial property of $300,000 or more, securing execution of a document by deception, and exploitation of the elderly (two counts). *See* Tex. Penal Code Ann. §§ 31.03(e)(7), 32.21(e-1), 32.45(c)(7), 32.46(b)(7), 32.53(c). Gallagher entered an open plea of guilty to all charges. The trial court sentenced him to (1) life imprisonment for each of the offenses of theft of property of $300,000 or more, misapplication of fiduciary or financial property greater than $300,000, and securing execution of a document by deception and (2) ten years' confinement for each of the offenses of exploitation of the elderly and forgery of a financial instrument of the elderly, with the sentences to run concurrently.

On appeal, Gallagher's counsel has filed a motion to withdraw and a brief in which he argues that the appeal is frivolous. Counsel's motion and brief meet the requirements of *Anders v. California* by presenting a professional evaluation of the record demonstrating why there are no arguable grounds for relief. *See* 386 U.S. 738, 744, 87 S. Ct. 1396, 1400 (1967). In compliance with *Kelly v. State*, counsel provided Gallagher with copies of his brief and motion to withdraw, and he informed Gallagher of his right to file a pro se response, to review the record, and to seek discretionary review pro se should this court deny relief. *See* 436 S.W.3d 313, 319 (Tex. Crim. App. 2014). Gallagher filed a pro se response in which he argued that the

time he has spent thus far in prison is "enough to satisfy the sin/crime that [he] committed." The State agrees with counsel's position that Gallagher has no meritorious grounds upon which to advance an appeal, and it has declined to file a response to counsel's brief and motion to withdraw.

After an appellant's court-appointed counsel fulfills the requirements of *Anders* and files a motion to withdraw on the ground that the appeal is frivolous, this court is obligated to undertake an independent examination of the record to see if there is any arguable ground that may be raised on his behalf. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). Only then may we grant counsel's motion to withdraw. *See Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).

After carefully reviewing the record and Gallagher's pro se response, we agree with counsel that this appeal is wholly without merit, as we have found nothing in the record that might arguably support the appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005). Accordingly, we grant counsel's motion to withdraw and affirm the trial court's judgments.

/s/ Dana Womack

Dana Womack
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: December 29, 2022

3