

# NUMBER 13-23-00344-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

BRIAN ONTIVEROS,                                                    Appellant,

v.

THE STATE OF TEXAS,                                                Appellee.

## ON APPEAL FROM THE 144TH DISTRICT COURT
## OF BEXAR COUNTY, TEXAS

## MEMORANDUM OPINION

**Before Chief Justice Tijerina and Justices West and Fonseca**
**Memorandum Opinion by Justice West**

A jury found Brian Ontiveros guilty of murder, a first-degree felony, sentenced him

to life imprisonment, and assessed a $10,000 fine and court costs. *See* TEX. PENAL CODE

ANN. § 19.02(c). By his sole issue on appeal, Ontiveros argues that the trial court erred by failing to inquire into his ability to pay the fine and costs. We affirm.

## I.    ANALYSIS[1]

On July 16, 2024, Ontiveros's first court-appointed appellate counsel filed an *Anders* brief stating that there were no arguable grounds for appeal. *See Anders v. California*, 386 U.S. 738, 744 (1967). On August 26, 2024, we abated the case for the appointment of new appellate counsel because, at the time, an arguable issue existed. *See Bledsoe v. State*, 178 S.W.3d 824, 827 (Tex. Crim. App. 2005) (addressing what an appellate court may do if arguable grounds for an appeal exist). Specifically, our sister court, whose precedent we follow in this transfer case, previously held that whether a trial court's failure to conduct an ability-to-pay inquiry when assessing fines and costs constitutes reversible error is an arguable ground for an appeal. *Almeida v. State*, No. 04-22-00669-CR, 2024 WL 172588, at *2 (Tex. App.—San Antonio Jan. 17, 2024, no pet.) (per curiam) ("We have not previously considered the question which the record currently before us presents: Is it reversible error if the record does not show that the trial court conducted an inquiry on the record regarding the defendant's ability to pay a fine and court costs? . . . Accordingly, this is an arguable ground of appeal."); *see* TEX. CODE CRIM.

---

[1] This appeal was transferred to this Court from the Fourth Court of Appeals in San Antonio pursuant to a docket equalization order issued by the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. §§ 22.220(a) (delineating the jurisdiction of appellate courts), 73.001 (granting the supreme court the authority to transfer cases from one court of appeals to another at any time that there is "good cause" for the transfer). Because this is a transfer case, we apply the precedent of the San Antonio Court of Appeals to the extent it differs from our own. *See* TEX. R. APP. P. 41.3.

2

PROC. ANN. art. 42.15(a-1) (establishing the right to an ability-to-pay inquiry). And in the case before us, the record does not affirmatively indicate that the trial court conducted an ability-to-pay inquiry despite imposing a fine and court costs.

However, since we abated the case, the Texas Court of Criminal Appeals handed down binding precedent on a separate but related issue: what *Marin* category right attaches to this ability-to-pay inquiry. *Cruz v. State*, 698 S.W.3d 265, 271 (Tex. Crim. App. 2024); *see Marin v. State*, 851 S.W.2d 275, 280 (Tex. Crim. App. 1993) (holding that rights are placed in one of three "categories": "(1) absolute requirements and prohibitions; (2) rights of litigants which must be implemented by the system unless expressly waived; and (3) rights of litigants which are to be implemented upon request"). Ultimately concluding that it is a *Marin* category-three right, the court of criminal appeals held that the right to an ability-to-pay inquiry can be lost by a failure to object at the trial level. *Cruz*, 698 S.W.3d at 271 ("The Article 42.15(a-1) inquiry is not fundamental to the adjudicatory process, so it is forfeitable. Appellant forfeited his right to the inquiry by not objecting."). And here, Ontiveros did not object to the trial court's failure to conduct an ability-to-pay inquiry.

The sole ground advanced in Ontiveros's brief is that the trial court erred by failing to conduct an ability-to-pay inquiry on the record. Per *Cruz*, however, Ontiveros forfeited this argument by failing to object to the lack of an inquiry. *See id.* Accordingly, we overrule the sole issue presented in this appeal.

3

## II.    CONCLUSION

We affirm the trial court's judgment.

JON WEST
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed on the
30th day of January, 2025.

4