

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-24-00233-CR

REGINALD DEAMON BERRY, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 8th District Court
Hopkins County, Texas
Trial Court No. 2430477

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice Rambin

## MEMORANDUM OPINION

Reginald Deamon Berry pled guilty to delivery of a controlled substance (methamphetamine) in an amount of four grams or more but less than 200 grams and pled true to two enhancement paragraphs. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.112(d) (Supp.); TEX. PENAL CODE ANN. § 12.42(d). Following a bench trial, the trial court sentenced Berry to life imprisonment. Berry now appeals his conviction.

Berry's counsel filed a brief stating that he reviewed the record and found no genuinely arguable issues that could be raised on appeal. In the brief, counsel sets out the procedural history and summarizes the evidence elicited during the trial court proceedings. Counsel also filed a motion seeking to withdraw as counsel in this appeal.

In the brief, counsel stated that he mailed Berry copies of all volumes of the reporter's record, a letter explaining the importance of the *Anders* brief and how Berry may pursue issues moving forward, a copy of the brief, and a copy of the motion to withdraw. In the motion to withdraw, counsel stated that he mailed Berry a letter outlining his right to file a pro se brief and copies of the reporter's record, the clerk's record, and a letter confirming that counsel would be filing an *Anders* brief and motion to withdraw. Those actions comply with an appointed counsel's responsibilities when filing an *Anders* brief and a motion to withdraw in accordance with *Kelly v. State*. *See Kelly v. State*, 436 S.W.3d 313, 318–20 (Tex. Crim. App. 2014).

Counsel's professional evaluation of the record demonstrates why there are no arguable grounds to be raised on appeal and meets the requirements of *Anders v. California*. *See Anders v. California*, 386 U.S. 738, 743–44 (1967); *Kelly*, 436 S.W.3d at 318–20. After our review of

2

the entire appellate record, we have independently determined that "there are no non-frivolous grounds for appeal." *Kelly*, 436 S.W.3d at 318 n.16.

In the *Anders* context, once we determine that the appeal is without merit, we must affirm the trial court's judgment. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). Thus, we affirm the trial court's judgment.[1]


Jeff Rambin
Justice

Date Submitted:    June 11, 2025
Date Decided:     July 24, 2025

Do Not Publish

---

[1]Since we agree that this case presents no reversible error, we also, in accordance with *Anders*, grant counsel's request to withdraw from further representation of appellant in this case. *See Anders*, 386 U.S. at 744. No substitute counsel will be appointed. Should appellant desire to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review (1) must be filed within thirty days from either the date of this opinion or the date on which the last timely motion for rehearing was overruled by this Court, *see* TEX. R. APP. P. 68.2, (2) must be filed with the clerk of the Texas Court of Criminal Appeals, *see* TEX. R. APP. P. 68.3, and (3) should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure, *see* TEX. R. APP. P. 68.4.