02-10-399-CR









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

NO. 02-10-00399-CR

 

 


 
 
 ROBERT CHRISTOPHER WILLIAMS
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE
 
 


 

 

------------

FROM CRIMINAL DISTRICT COURT NO. 1 OF
TARRANT COUNTY

------------

MEMORANDUM
OPINION[1]

----------

Appellant
Robert Christopher Williams pled guilty pursuant to a plea bargain to felony driving
while intoxicated, and the trial court sentenced him to ten years’ confinement,
probated for ten years.  Almost three years later, the State filed a petition
for revocation, alleging several violations of the conditions of community
supervision.  Appellant pled true to allegations that he failed to report in
the months of June, October, and December 2009 and February, May, June, and
July 2010; failed to pay community supervision fees in the months of May, June,
July, August, September, November, and December 2009 and January, February,
March, April, May, June, and July 2010; and failed to submit urine samples on
July 10, 2009, and during the weeks of March 18, March 25, April 22, April 29,
September 2, September 9, September 16, September 23, and September 30 of
2009.  After a hearing, the trial court revoked Appellant’s community
supervision and sentenced him to eight years’ confinement.

Appellant’s
court-appointed appellate counsel has filed a motion to withdraw as counsel and
a brief in support of that motion.  In the brief, counsel avers that, in his
professional opinion, this appeal is frivolous.  Counsel’s brief and motion
meet the requirements of Anders v. California[2]
by presenting a professional evaluation of the record demonstrating why there
are no arguable grounds for relief.[3]  This court afforded
Appellant the opportunity to file a pro se response to the Anders brief,
and he did so.  The State also filed a letter brief in response to Appellant’s pro
se allegations.

Once
an appellant’s court-appointed counsel files a motion to withdraw on the ground
that the appeal is frivolous and fulfills the requirements of Anders,
we are obligated to undertake an independent examination of the record to see
if there is any arguable ground that may be raised on his behalf.[4] 
Only then may we grant counsel’s motion to withdraw.[5]

We
have carefully reviewed the record, counsel’s brief, Appellant’s pro se
response, and the State’s letter brief.  We agree with counsel that the appeal
is wholly frivolous and without merit.  We find nothing in the record that
might arguably support the appeal.[6]  Consequently, we grant
the motion to withdraw and affirm the trial court’s judgment.

 

PER CURIAM

 

PANEL: 
DAUPHINOT, GARDNER, and WALKER, JJ.

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:  September 15,
2011









[1]See Tex. R. App. P. 47.4.





[2]386 U.S. 738, 87 S. Ct.
1396 (1967).





[3]See Stafford v. State,
813 S.W.2d 503, 510–11 & n.3 (Tex. Crim. App. 1991).





[4]See id. at 511.





[5]See Penson v.
Ohio, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).





[6]See Bledsoe v. State,
178 S.W.3d 824, 827 (Tex. Crim. App. 2005).