02-11-042-043-044-CR









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-11-00042-CR

NO. 02-11-00043-CR

NO. 02-11-00044-CR

 

 


 
 
 Gregory Deandre Dunn
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE
 
 


 

 

----------

FROM THE 396th
District Court OF Tarrant COUNTY

----------

MEMORANDUM
OPINION[1]

----------

Appellant
Gregory Deandre Dunn pled guilty pursuant to a plea bargain to three counts of
burglary of a habitation, charged in three separate causes, and the trial court
placed him on five years’ deferred adjudication community supervision in each
case.  About two years and five months later, the State filed a petition to
proceed to adjudication in each case, alleging several violations of the conditions
of community supervision.  Appellant pled true to allegations that he violated
several conditions of community supervision by (1) illegally using a controlled
substance (marijuana) on fourteen separate occasions; (2) failing to submit
urine samples on ten separate occasions; (3) failing to report in the months of
January, February, and November 2009; (4) failing to complete the total number
of community service hours as directed by the trial court; (5) failing to
notify his community supervision officer within five days of two address
changes in 2010; (6) failing to complete Intensive Day Treatment (IDT)
aftercare groups and being unsuccessfully discharged from treatment on October
12, 2010; and (7) failing to appear in IDT reentry court on November 1, 2010.  After
a hearing, the trial court adjudicated Appellant’s guilt and
sentenced him to four years’ confinement in each case, with the sentences to
run concurrently.

Appellant’s
court-appointed appellate counsel has filed a motion to withdraw as counsel from
these three cases and a brief in support of that motion.  In the brief, counsel
avers that, in her professional opinion, these appeals are frivolous.  Counsel’s
brief and motion meet the requirements of Anders v.
California[2] by presenting a
professional evaluation of the records demonstrating why there are no arguable
grounds for relief.[3]  This court afforded
Appellant the opportunity to file a pro se response to the Anders
brief, but he did not do so.  The State likewise did not file a brief in these
causes.

Once
an appellant’s court-appointed counsel files a motion to withdraw on the ground
that an appeal is frivolous and fulfills the requirements of Anders,
we are obligated to undertake an independent examination of the record to see
if there is any arguable ground that may be raised on his behalf.[4]
 Only then may we grant counsel’s motion to withdraw.[5]

We
have carefully reviewed the records and counsel’s brief.  We agree with counsel
that the appeals are wholly frivolous and without merit.  We find nothing in
the records that might arguably support the appeals.[6] 
Consequently, we grant the motion to withdraw and affirm the trial court’s
judgments.

 

PER
CURIAM

PANEL:  DAUPHINOT,
MCCOY, and MEIER, JJ.

DO
NOT PUBLISH

Tex. R. App.
P. 47.2(b)

DELIVERED:  December 22,
2011









[1]See Tex. R. App. P. 47.4.





[2]386 U.S. 738, 87 S. Ct.
1396 (1967).





[3]See Stafford v. State,
813 S.W.2d 503, 510–11 & n.3 (Tex. Crim. App. 1991).





[4]See id. at 511.





[5]See Penson v.
Ohio, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).





[6]See Bledsoe v. State,
178 S.W.3d 824, 827 (Tex. Crim. App. 2005).