02-11-380-CR









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-11-00380-CR

 

 


 
 
 Joseph Lynn Lucas
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE
 
 


 

 

----------

FROM THE 396th
District Court OF Tarrant COUNTY

----------

MEMORANDUM
OPINION[1]

----------

          Appellant
Joseph Lynn Lucas pleaded guilty pursuant to a plea bargain to driving while
intoxicated–felony repetition.  The trial court sentenced Lucas to ten years’
confinement, but suspended imposition of the sentence and placed Lucas on
community supervision for ten years.  The State subsequently filed a petition
to revoke Lucas’s probated sentence, alleging that he had violated several
terms and conditions of his community supervision.  Lucas pleaded true to each
of the State’s allegations, and the trial court revoked Lucas’s community
supervision and sentenced him to ten years’ confinement.

          Lucas’s
court-appointed appellate counsel has filed a motion to withdraw as counsel and
a brief in support of that motion.  In the brief, counsel avers that in his
professional opinion, this appeal is frivolous.  Counsel’s brief and motion
meet the requirements of Anders v. California[2]
by presenting a professional evaluation of the record demonstrating why there
are no arguable grounds for relief.  See Mays v. State, 904 S.W.2d 920,
922–23 (Tex. App.—Fort Worth 1995, no pet.).  Lucas filed a pro se
response to the Anders brief.  The State did not file a
brief.

          Once
an appellant’s court-appointed counsel files a motion to withdraw on the ground
that the appeal is frivolous and fulfills the requirements of Anders, we
are obligated to undertake an independent examination of the record to see if
there is any arguable ground that may be raised on his behalf.  See Stafford
v. State, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); Mays, 904
S.W.2d at 923.  Only then may we grant counsel’s motion to withdraw.  See
Penson v. Ohio, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).

          We
have carefully reviewed the record, counsel’s brief, and Lucas’s response.  We
agree with counsel that the appeal is wholly frivolous and without merit.  We
find nothing in the record that might arguably support the appeal.  See
Bledsoe v. State, 178 S.W.3d 824, 827 (Tex. Crim. App. 2005). 
Consequently, we grant the motion to withdraw and affirm the trial court’s
judgment.

 

 

BILL MEIER
JUSTICE

 

PANEL: 
DAUPHINOT,
GARDNER, and MEIER, JJ.

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:  June 21, 2012









[1]See Tex. R. App. P. 47.4.





[2]386 U.S. 738, 87 S. Ct.
1396 (1967).