

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-12-00371-CR
### NO. 02-12-00372-CR
### NO. 02-12-00373-CR
### NO. 02-12-00374-CR
### NO. 02-12-00375-CR
### NO. 02-12-00376-CR
### NO. 02-12-00377-CR
### NO. 02-12-00378-CR
### NO. 02-12-00379-CR
### NO. 02-12-00380-CR

PABLO GARCIA                                         APPELLANT

V.

THE STATE OF TEXAS                                        STATE

----------

## FROM CRIMINAL DISTRICT COURT NO. 4 OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

---

[1]See Tex. R. App. P. 47.4.

Appellant Pablo Garcia appeals his convictions for burglary of a habitation and nine counts of aggravated robbery with a deadly weapon. Appellant's court-appointed counsel has filed a motion to withdraw and an *Anders* brief in support stating that after diligently reviewing the record, he believes that any appeal by Appellant would be frivolous. *See Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396 (1967). Although given notice and an opportunity to file a pro se brief, Appellant did not do so. We affirm.

**Background Facts**

On October 30, 2010, Appellant and three other men dressed in costumes, drove to a house in Pantego, Texas, and robbed the occupants at gunpoint. Appellant admitted that he, as well as two of the other men, used a real gun. The men stole purses, cameras, phones, and wallets. Appellant testified that he had held his gun to a woman, whose wedding ring he took, and a thirteen-year-old boy, whose wallet contained $2 that Appellant took.

Appellant was charged with burglary of a habitation and nine counts of aggravated robbery with a deadly weapon. Appellant pleaded guilty to all counts. Appellant stated in the trial court that he understood the indictments, the consequences of his plea, and that he was freely and voluntarily pleading guilty.

The trial court sentenced him to twenty years in the Institutional Division of the Texas Department of Criminal Justice for burglary of a habitation and to forty-five years in the Institutional Division for each count of aggravated robbery with a deadly weapon to run concurrently. Appellant then filed this appeal.

2

## Discussion

In Appellant's counsel's motion and brief, he averred that he has conducted a professional evaluation of the record, and after a thorough review of the applicable law, has reached the conclusion that there are no arguable grounds to be advanced to support an appeal of this cause and that the appeal is frivolous. Counsel's brief and motion meet the requirements of *Anders* by presenting a professional evaluation of the record demonstrating why there are no reversible grounds on appeal and referencing any grounds that might arguably support the appeal. *See* 386 U.S. at 741, 87 S. Ct. at 1398; *Mays v. State*, 904 S.W.2d 920, 922–23 (Tex. App.—Fort Worth 1995, no pet.). Appellant was given the opportunity to file a pro se brief on his own behalf, but he did not do so. The State did not respond to Appellant's counsel's motion.

In our duties as a reviewing court, we must conduct an independent evaluation of the record to determine whether counsel is correct in determining that the appeal is frivolous. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *Mays*, 904 S.W.2d at 923. Only then may we grant counsel's motion to withdraw. *See Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988). We have carefully reviewed the appellate record and Appellant's appellate counsel's brief. We agree with his appellate counsel that the appeal is wholly frivolous and without merit. We find nothing in the record that might arguably support the appeal. *See In re J.T.*, No. 02-10-00284-CV, 2011 WL 856927, at *1 (Tex. App.—Fort Worth, Mar. 10, 2011, no pet.) (mem. op.) (citing

3

*Bledsoe v. State*, 178 S.W.3d 824, 827 (Tex. Crim. App. 2005)).  Therefore, we grant Appellant's appellate counsel's motion to withdraw and affirm the trial court's judgments.

## Conclusion

Having granted the motion to withdraw by Appellant's counsel, we affirm the trial court's judgments.

LEE GABRIEL
JUSTICE

PANEL:  LIVINGSTON, C.J.; DAUPHINOT and GABRIEL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  November 7, 2013