

# COURT OF APPEALS

## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-13-00257-CR

CHRISTOPHER DONTA MURRY             APPELLANT

V.

THE STATE OF TEXAS                     STATE

----------

## FROM THE 89TH DISTRICT COURT OF WICHITA COUNTY

----------

## MEMORANDUM OPINION[1]

----------

After Appellant Christopher Donta Murry pleaded guilty to aggravated assault, the trial court sentenced him to ten years' imprisonment and a $750 fine, suspended the imprisonment portion of the sentence, and placed Murry on community supervision for ten years. *See* Tex. Penal Code Ann. § 22.02 (West Supp. 2011). The State filed a motion to revoke community supervision, alleging

---

[1]*See* Tex. R. App. P. 47.4.

that Murry (1) failed to report to his supervision officer for three months, (2) failed to provide his supervision officer with written proof of completion of the monthly community service requirements, (3) failed to pay the supervision fee, (4) failed to pay the crime stopper fee, (5) failed to notify the Community Supervision and Corrections Department of his change of address, (6) failed to complete the Cognitive Corrective Training Class and the Anger Management Class, and (7) failed to timely attend the Probation Orientation class. Murry pleaded true to all of the above allegations. The trial court found all of the allegations to be true, revoked Murry's community supervision, and sentenced him to ten years' imprisonment.

Murry's court-appointed appellate counsel has filed a motion to withdraw as counsel and a brief in support of that motion. Counsel's brief and motion meet the requirements of *Anders v. California*[2] by presenting a professional evaluation of the record demonstrating why there are no arguable grounds for relief. This court afforded Murry the opportunity to file a brief on his own behalf, but he did not do so. The State has filed a letter brief.

As the reviewing court, we must conduct an independent evaluation of the record to determine whether counsel is correct in determining that the appeal is frivolous. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *Mays v. State*, 904 S.W.2d 920, 923 (Tex. App.—Fort Worth 1995, no pet.). Only

---

[2]386 U.S. 738, 87 S. Ct. 1396 (1967).

then may we grant counsel's motion to withdraw. *See Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).

We have carefully reviewed the record, counsel's brief, and the State's letter brief. We agree with counsel that this appeal is wholly frivolous and without merit; we find nothing in the record that arguably might support an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005). Accordingly, we grant counsel's motion to withdraw and affirm the trial court's judgment.

.

PER CURIAM

PANEL: WALKER; LIVINGSTON, C.J.; and GABRIEL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: November 14, 2013