

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-13-00481-CR

ADRIAN ROBERT BROOKS            APPELLANT

V.

THE STATE OF TEXAS            STATE

----------

## FROM CRIMINAL DISTRICT COURT NO. 1 OF TARRANT COUNTY
## TRIAL COURT NO. 1207839D

----------

## MEMORANDUM OPINION[1]

----------

Appellant Adrian Robert Brooks pled guilty pursuant to a plea bargain to theft from a person, and the trial court placed him on three years' deferred adjudication community supervision and imposed a $300 fine. About two years and five months later, the State filed a petition to proceed to adjudication, alleging that Appellant had violated the conditions of community supervision by

---

[1]*See* Tex. R. App. P. 47.4.

- failing to report in May, June, and July 2013;

- failing to maintain and verify employment;

- failing to pay supervision fees in May, June, and November 2012 and May, June, and July 2013; and

- failing to submit a urine test as directed on April 18, 2013.

After a hearing, the State waived its allegation that Appellant had failed to pay supervision fees, the trial court found the remaining allegations true, and the trial court adjudicated Appellant's guilt and sentenced him to eight months' confinement in a state jail facility, with credit for time served.

Appellant's court-appointed appellate counsel has filed a motion to withdraw as counsel and a brief in support of that motion. In the brief, counsel avers that, in his professional opinion, this appeal is frivolous. Counsel's brief and motion meet the requirements of *Anders v. California*[2] by presenting a professional evaluation of the record demonstrating why there are no arguable grounds for relief.[3] Although this court gave Appellant the opportunity to exercise his right to review the appellate record and file a pro se response to the *Anders* brief, he did not avail himself of that opportunity. The State likewise did not file a brief.

---

[2]386 U.S. 738, 87 S. Ct. 1396 (1967).

[3]*See Stafford v. State*, 813 S.W.2d 503, 510–11 & n.3 (Tex. Crim. App. 1991).

2

Once an appellant's court-appointed counsel files a motion to withdraw on the ground that an appeal is frivolous and fulfills the requirements of *Anders*, we are obligated to undertake an independent examination of the record to see if there is any arguable ground that may be raised on his behalf.[4] Only then may we grant counsel's motion to withdraw.[5]

We have carefully reviewed the record and counsel's brief. We agree with counsel that this appeal is wholly frivolous and without merit. We find nothing in the record that might arguably support the appeal.[6] Consequently, we grant the motion to withdraw and affirm the trial court's judgment.

PER CURIAM

PANEL: DAUPHINOT, MEIER, and GABRIEL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: August 7, 2014

---

[4] *See id.* at 511.

[5] *See Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).

[6] *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005).