80,129-03

INRE CAUSE NO 1285104 D

DEON DAVIS # 1837352

POLUNSKY UNIT

3872 FM 350 SOUTH

LIVINGSTON TEXAS 77351

MAILING ADDRESS

RECEIVED IN
COURT OF CRIMINAL APPEALS

NOV 04 2015

Abel Acosta, Clerk

CLERK ABEL ACOSTA

P.O. BOX 12308 CAPITOL STATION

AUSTIN TEXAS 78711

Clerk,

Please find enclosed the following legal documents :PETITION FOR MANDAMUS AND COURT OF CRIMINAL APPEALS HABEAS JURISDICTION CODE OF CRIMINAL PROCEDURE ART 4.04 AS WELL AS ITS SUPPORTING EXHIBIT A AND B. PLEASE FILE THIS ON the same court DOCKET IN THE ABOVE CAUSE AS THE PENDING HABEAS APPLICATION AND MOTION FOR VENUE ALL OF WHICH HAVE BEEN FILED PRIOR FOR THIS COURT DOCKET IN THE SAME CRIMINAL CAUSE NUMBER. THANK YOU FOR YOUR ASSISTANCE IN THIS MANNER.

SINCERELY,

DEON DAVIS

Deon Davis

COURT OF CRIMINAL APPEALS
AUSTIN TEXAS


PETITIONER / Relator

DEON A DAVIS                                    CAUSE No 1285104 D

VS
THE STATE OF TEXAS
RESPONDENT


PETITION:FOR MANDAMUS AND COURT OF CRIMINAL
APPEALS HABEAS JURISDICTION
CODE OF CRIMINAL PROCEDURE ART 4.04.


TO THE HONORABLE JUDGE OF SAID COURT:

Comes Now Deon Davis the relator in the above cause number and

would show this court the following:


I.

PROCEDURAL HISTORY

AS OF THE DATE OF OCTOBER 30,2015 the court docket is in receipt

of Motion for Venue in the above cause no 1285104 D this

court is in receipt of the attached Habeas Application in the above

cause number (SEE COURTS DOCKET SHEET IN THIS CAUSE).

II.

SHOW OF CAUSE

The relator Deon Davis moves this court to EXECUTE ORDER OF

MANDAMUS UPON THE no3# Judicial District Court of Tarrant County

Texas in the above cause number,and Order this court to produce

trial court reporter'S TRANSCRIPT SEE NOW WALKER 827 S.W.2d at

839 this Trial court has a ministerial duty to act in providing

the Court Reporters Transcript of the trial in the instant case.


-1-

In the instant case (SEE EXHIBIT A) the relator Deon Davis had tried repeatedly to obtain his trial court transcripts,where the trial court alleged that the relator Deon Davis had entered a plea of guilt and received a 25 year imprisonment term and the relator Deon Davis assert that is not factual of the trial record and hold that in controversy,the facts are that during a pretrial hearing in the instant case in the 3rd Judicial District Court of Tarrant County Texas the relator Deon Davis had a conflict of interest with his trial court appointed attorney over his attorneys failure to execute a "BIGGERS TEST" challenging a video camera recording of the proximity of the Dollar Store that was alleged to have been Robbed by the Relator where this video recording did not reveal his identity but instead another person, during the conflict of interest with his attorney the relator Deon Davis made a racial slurr toward his attorney calling him quote"WHITE TRASH SHIT" what followed next was judge Robb catalano yelled for order in the court then stated quote "I can get you for contempt of court Nigger" the relator was order to stand before the judge Robb catalkano where he was then sentenced to 14 years for what he the relator Deon Davis thought was for contempt of court in the instant case.During the sentencing the Judge Robb Catalano ordered the Court Reporter to "STRIKE" the record.The relator Deon Davis while on appeal tried to explain this for adequate grounds to raise upon his appeal,when he wrote his Appeal Attorney  BARRY           ALFORD ,Barry Alford refused to raise any grounds upon appeal of this nature but state instead filed an ANDERS BRIEF IN THE INSTANT CASE ON APPEAL IN THE  2nd COURT OF APPEALS    (EXHIBIT B)REVEAL TO THIS COURT

-2-

That the relator Deon Davis could not adequately prepare his pro se appellate brief absent of his Court Reporters transcript where the material facts of how the relatore Deon Davis obtained his sentence and the amount of time of that sentence and that fact that the relator Deon Davis never entered a guilty plea during sentencing was material facts in the record see now

A trial court's denial on discovery issue's remedied by Mandamus Able Sup.vMoye,898 S.W.2d 766,771-72 (Tex 1995);In re Hinterlong 109 S.W.3d 611 633 (Tex.App.-Fort Worth 2003,orig.proceeding) (holding mandamus relief available to compel production of info information because denial of discovery prevented petitioner from establishiing a claim) had relator Deon Davis received the Court Reporters transcript in the instant case he could have presented this court with material facts from the record which will reveal that he "never" entered a plea of Guilt and never received a sentence of 25 years but "instead" received a 14 year sentence during a pretrial hearing for contempt of court where in structural error and Recusal the judge Robb Catalano did use derogatory language "NIGGER" toward the relator Deon Davis and imposed a 14 year imprisonment term which was later illegaly alterd by the same trial court under a false judgement.The fact that the Court of Appeals in the instant case Honored the Anders brief filed by appellate counsel Barry Alford while failing to provide the relator Deon Davis with a record of the trial transcript violated the law see exhibit A and this law

-3-

Kelly v State No.06-12-00141-CR,2013 (holding that the court of Appeals erred by deciding the anders appeal without ensuring that Sylvester Kelly had adequate opportunity to obtian the appellate Record and prepare pro se brief.In addition where the issue's of the court reporters records are in controversey as to the relator Deon Davis contest that he did not enter a plea of guilt nor receive a sentence of 25 years as asserted by the trial court in the instant case,this Court has jurisdiction of mandamus to compell the 3# Judicial District Court of Tarrant County Texas in the instant case to provide the Record or order the relators Deon Davis Habeas Relief of "NEW TRIAL" under the HABEAS CORPUS APPLICATION that is currently pending on this courts Docket in the instant case see Appellate Procedure Rule 34.6 (f) (1) and (2).

## III.

## REQUESTED RELIEF

Wherefore Premsies considered in light of CRIMINAL CODE OF PROCEDURE art 4.04 the relator Deon Davis prays that this court grant relief of the following:(A) order MANDAMUS compelling the Judicial District Court 3 Tarrant County Texas in the instant cas to provide the Court Reporters Transcript Record pursuant to Appellate Procedure Rule 34.6 (f) (1) or be subject to New trial in the instant case and in light of this court review of Habeas Application on docket in the instant case.

EXECUTED ON THE 30 DAY OF October 2015, s/ Deon Davis

-4-

## UNSWORN DECLARATION

## CIVIL PRACTICE AND REMEDIES CODE SECTION 132.000-132.003

I DEON DAVIS # 1837352 _____ the relator in the petition for Mandamus and COURT OF CRIMINAL APPEALS HABEAS JURISDICTION CODE OF CRIMINAL PROCEDURE ART 4.04 do hereby swear under penalty of perjury that the follwoing and foregoing legal document and its exhibits A AND B EVIDENCE IN SUPPORT THEREOF ARE TRUE AND CORRECT duly executed in the same on this the 30 DAY OF October 2015

s/ Deon Davis

# COURT OF CRIMINAL APPEALS

## AUSTIN TEXAS

INRE:RELATOR DEON DAVIS                    CAUSE NO._____

## MANDAMUS

WE COMMAND AND HEREBY ORDER;

THE 3rd JUDICIAL DISTRICT COURT OF TARRANT COUNTY TEXAS IN THE
ABOVE CAUSE TO PROVIDE THE COURT REPORTERS TRANSCRIPT IN
COMPLIANCE WITH APPELLATE RULE 34.6 (f) 1 or be subject to
RELATORS GRANT OF RELIEF UNDER ITS CLAUSE.

EXECUTED ON THIS THE___DAY OF_____

                                        ------------------------------
                                        JUDGE PRESIDING

EXHIBIT A

Law Office Of

# Barry J. Alford, P.C.

1319 Ballinger Street
Fort Worth, Texas 76102
Telephone (817) 335-5229
Facsimile (817) 335-4944
E-mail barryalford@onebox.com

Barry J. Alford

September 9, 2013

Mr. Deon A. Davis
TDC #1837352
3872 F.M. 350 South
Polunsky Unit
Livingston, Tx 77351

Dear Mr. Davis:

In response to your recent letter, I am not in possession of the Reporter's Record or the Clerk's record. Those documents are the property of and in the possession of the Tarrant County District Clerk's Office. If you wish to obtain a copy of those records, you will need to contact that office at:

Tarrant County District Clerk's Office
Appellate Division
401 W. Belknap Street
Fort Worth, Texas 76196

If you have any other questions, please feel free to contact my office.

Sincerely,

Barry J. Alford

BJA\

EXHIBIT B



# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-13-00053-CR

DEON A. DAVIS                                                          APPELLANT

V.

THE STATE OF TEXAS                                                          STATE

----------

FROM CRIMINAL DISTRICT COURT NO. 3 OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

Appellant Deon A. Davis entered an open plea of guilty to the charge of aggravated robbery with a deadly weapon. Davis also pleaded true to the State's deadly weapon and habitual offender paragraphs, and the trial court sentenced him to twenty-five years' incarceration. The plea proceedings were not recorded. The trial court granted Davis permission to appeal, and Davis timely filed notice

----------

[1]See Tex. R. App. P. 47.4.

of appeal. Davis's court-appointed appellate counsel has filed a motion to withdraw and a brief in support of that motion. In counsel's brief, he certifies that in his professional opinion, the appeal is frivolous. Counsel's brief and motion meet the requirements of *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396 (1967), by presenting a professional evaluation of the record and demonstrating why there are no arguable grounds for appeal. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *Mays v. State*, 904 S.W.2d 920, 922–23 (Tex. App.—Fort Worth 1995, no pet.). We gave Davis an opportunity to file a pro se response, and Davis filed a pro se response to the *Anders* brief, as well as a reply, raising multiple points.[2] By two different letters, the State acknowledges having received counsel's brief as well as Davis's response and reply. In these letters, the State informs us that it will not file its own response.

Once an appellant's court-appointed counsel files a motion to withdraw on the ground that the appeal is frivolous and fulfills the requirements of *Anders*, we are obligated to undertake an independent examination of the record to see if there is any arguable ground that may be raised on the appellant's behalf. *See Stafford*, 813 S.W.2d at 511; *Mays*, 904 S.W.2d at 923. Only then may we grant

---

[2]In his initial response, Davis argues that he received ineffective assistance of counsel, that the evidence is insufficient to support his conviction, that he was entitled to a mandatory stenographic recording of his plea hearing, and that he should have been allowed to withdraw his plea. In his reply, Davis asks this court to hold the State in contempt of court because it chose not to file a response in this case. Our review of the brief, filings, and record included, but was not limited to, these matters.

counsel's motion to withdraw. *See Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).

We have carefully reviewed the record, Davis's pro se filings, and the brief filed by Davis's counsel. We agree with counsel that this appeal is wholly frivolous and without merit; we find nothing in the record that arguably might support any appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827 (Tex. Crim. App. 2005); *see also Garner v. State*, 300 S.W.3d 763, 767 (Tex. Crim. App. 2009). Accordingly, we grant the motion to withdraw and affirm the trial court's judgment.

*/s/ Bill Meier*

BILL MEIER
JUSTICE

PANEL: MCCOY, MEIER, and GABRIEL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: June 5, 2014

3

Respectfully yours,

DEBRA SPISAK, CLERK

*Debra Spisak*