

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-15-00361-CR

ANTHONY BARBER                                                    APPELLANT

V.

THE STATE OF TEXAS                                                      STATE

----------

FROM THE 297TH DISTRICT COURT OF TARRANT COUNTY
TRIAL COURT NO. 1407138R

----------

## MEMORANDUM OPINION[1]

----------

Appellant Anthony Barber pleaded guilty to assault bodily injury to a family member with a prior family violence conviction and true to one of the two convictions alleged in the enhancement notice. *See* Tex. Penal Code Ann. § 22.01(b)(2)(A) (West Supp. 2016). The jury assessed his punishment at 17

---

[1]*See* Tex. R. App. P. 47.4.

years' confinement, and the trial court sentenced him accordingly. This appeal followed.

On June 13, 2016, Barber's court-appointed appellate counsel filed a motion to withdraw as counsel and a brief in support of that motion. Counsel's brief and motion meet the requirements of *Anders v. California* by presenting a professional evaluation of the record demonstrating why there are no arguable grounds for relief. *See* 386 U.S. 738, 87 S. Ct. 1396 (1967). In compliance with *Kelly v. State*, counsel notified Barber of his motion to withdraw, provided him a copy of the brief, informed him of his right to file a pro se response, informed him of his pro se right to seek discretionary review should this court hold the appeal is frivolous, and took concrete measures to facilitate Barber's review of the appellate record. *See* 436 S.W.3d 313, 319 (Tex. Crim. App. 2014).

On July 1, 2016, Barber filed an "Appellant's Pro Se Request for the Appellate Record." On the same date, we ordered the trial court clerk to make a copy of the record available to Barber by July 15, 2016. On July 6, 2016, the trial court clerk filed a letter showing that it had complied with our order.

On July 8, 2016, after Barber had indicated that he wanted to continue the appeal pro se, we sent a letter to him stating that he had until September 6, 2016, to file a brief. On August 29, 2016, Barber filed a "Motion For Extension of Time" to file his brief, which we granted on September 1, 2016. We extended the time to file Barber's pro se brief until November 7, 2016.

After Barber failed to file a pro se brief, on November 29, 2016, we sent the State a notice that its response, if any, to Barber's counsel's motion to withdraw was due December 29, 2016. On December 5, 2016, the State filed a letter indicating that it would not be filing any response.

On December 30, 2016, Barber filed a second "Motion For Extension of Time," asserted his pro se brief (not the State's response) was due December 29, 2016, and requested an additional 60 days to file his brief. On January 5, 2017, we denied Barber's motion.

Because Barber failed to file a pro se brief for more than six months after his appointed counsel filed the motion to withdraw and the *Anders* brief, we consider this appeal without a response to the *Anders* brief filed by Barber's court-appointed counsel. *See generally Anders*, 386 U.S. at 744, 87 S. Ct. at 1400 (requiring court to allow appellant to file brief raising points but not requiring court to wait for appellant to file brief before setting case for submission); *Deason v. State*, No. 02-15-00213-CR, 2016 WL 1713464, at *1–2 (Tex. App.—Fort Worth Apr. 28, 2016, no pet.) (mem. op., not designated for publication) (deciding case without pro se appellant brief where appellant was given the opportunity to file a brief but did not do so); *Hibler v. State*, No. 02-14-00016-CR, 2015 WL 1407744, at *1 (Tex. App.—Fort Worth Mar. 26, 2015, pet. ref'd) (mem. op., not designated for publication) (same).

As the reviewing court, we must conduct an independent evaluation of the record to determine whether counsel is correct in determining that the appeal is

frivolous.  *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *Mays v. State*, 904 S.W.2d 920, 923 (Tex. App.—Fort Worth 1995, no pet.).  Only then may we grant counsel's motion to withdraw.  *See Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).

We have carefully reviewed the record and counsel's brief.  We agree with counsel that this appeal is wholly frivolous and without merit; we find nothing in the record that arguably might support an appeal.  *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005).  Accordingly, we grant counsel's motion to withdraw and affirm the trial court's judgment.

/s/ Elizabeth Kerr
ELIZABETH KERR
JUSTICE

PANEL:  LIVINGSTON, C.J.; KERR and PITTMAN, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  March 23, 2017