

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-18-00001-CR

_____

JACOB WYLIE ROMINE, JR., Appellant

V.

THE STATE OF TEXAS

On Appeal from the 355th District Court
Hood County, Texas
Trial Court No. CR13025

Before Walker, Kerr, and Pittman, JJ.
Per Curiam Memorandum Opinion

## MEMORANDUM OPINION

Pursuant to a plea-bargain agreement, Appellant Jacob Wylie Romine, Jr. pleaded guilty to theft under $1,500 with two or more previous convictions. *See* Tex. Penal Code Ann. § 31.03 (West Supp. 2018). The trial court found Romine guilty; sentenced him to twenty-four months in jail; suspended the sentence; placed him on five years' community supervision; and ordered him to pay a $1,500 fine and $1,249.42 in restitution.

The State subsequently filed a motion to revoke Romine's community supervision, alleging that Romine had violated his community-supervision conditions by failing to abstain from the use of a controlled substance, by failing to report in person for an office visit, and by being unsuccessfully discharged from residential treatment. Romine pleaded true to all of the allegations. The trial court found each of the allegations true, revoked Romine's community supervision, and sentenced him to twenty-four months' confinement. The trial court's judgment ordered Romine to pay $2,255.50 in reparations.[1] Romine appeals from the trial court's judgment revoking his community supervision.

Romine's court-appointed appellate counsel has filed a motion to withdraw as counsel and a brief in support of that motion. Counsel's brief and motion meet the requirements of *Anders v. California* by presenting a professional evaluation of the

---

[1]The amount of reparations is supported by documentation in the record.

record demonstrating why there are no arguable grounds for relief.  *See* 386 U.S. 738, 744, 87 S. Ct. 1396, 1400 (1967).  In compliance with *Kelly v. State*, counsel notified Romine of the motion to withdraw, provided him a copy of the brief, informed him of his right to file a pro se response, informed him of his pro se right to seek discretionary review should this court hold that the appeal is frivolous, and took concrete measures to facilitate Romine's review of the appellate record.  436 S.W.3d 313, 319 (Tex. Crim. App. 2014).  This court afforded Romine the opportunity to file a response on his own behalf, but he did not do so.

As the reviewing court, we must conduct an independent evaluation of the record to determine whether counsel is correct in determining that the appeal is frivolous.  *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *Mays v. State*, 904 S.W.2d 920, 923 (Tex. App.—Fort Worth 1995, no pet.).  Only then may we grant counsel's motion to withdraw.  *See Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).

We have carefully reviewed the record and counsel's brief.  We agree with counsel that this appeal is wholly frivolous and without merit; we find nothing in the record that arguably might support an appeal.  *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005).  Accordingly, we grant counsel's motion to withdraw and affirm the trial court's judgment.

Per Curiam

3

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: October 25, 2018