

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————————

No. 02-18-00469-CR

———————————————————

HEATHER LEIGH HARRIS, Appellant

V.

THE STATE OF TEXAS

_____

On Appeal from the 355th District Court
Hood County, Texas
Trial Court No. CR13266

_____

Before Sudderth, C.J.; Kerr and Womack, JJ.
Memorandum Opinion by Justice Kerr

## MEMORANDUM OPINION

A jury found Appellant Heather Leigh Harris guilty of aggravated assault of a public servant by threat, an offense alleged to have occurred on July 21, 2015. *See* Tex. Penal Code Ann. § 22.02. The jury then assessed Harris's punishment at 15 years' confinement in the Texas Department of Criminal Justice, with no fine. *See id.* § 12.32 (stating that allowable punishment for first-degree felony is imprisonment for life or for a term between five and 99 years, in addition to a possible fine of up to $10,000). The trial court sentenced Harris accordingly.

Harris's court-appointed appellate counsel has filed a motion to withdraw as counsel and a brief in support of that motion. Counsel's motion and brief meet the requirements of *Anders v. California* by presenting a professional evaluation of the record demonstrating why there are no arguable grounds for relief. *See* 386 U.S. 738, 744, 87 S. Ct. 1396, 1400 (1967). In compliance with *Kelly v. State*, counsel notified Harris of the motion to withdraw, provided her a copy of the brief, informed her of her right to file a pro se response, informed her of her pro se right to seek discretionary review should we agree and hold that the appeal is frivolous, and took concrete measures to facilitate Harris's review of the appellate record. 436 S.W.3d 313, 319 (Tex. Crim. App. 2014). Harris had the opportunity to file a pro se response to the *Anders* brief but did not do so. The State did not respond to the *Anders* brief.

As the reviewing court, we must independently evaluate the record to determine whether counsel is correct in determining that the appeal is frivolous. *See*

*Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *Mays v. State*, 904 S.W.2d 920, 923 (Tex. App.—Fort Worth 1995, no pet.). Only if we agree may we grant counsel's motion to withdraw. *See Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).

After carefully reviewing the record and counsel's brief, we agree that this appeal is wholly frivolous and without merit, and we find nothing in the record that might arguably support the appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005). Accordingly, we grant counsel's motion to withdraw and affirm the trial court's judgment.

/s/ Elizabeth Kerr

Elizabeth Kerr
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered:  August 26, 2019

3