

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-19-00251-CR

———————————————

OSCAR LEONARDO PORTILLO, Appellant

V.

THE STATE OF TEXAS

On Appeal from the 415th District Court
Parker County, Texas
Trial Court No. CR13-0473

Before Bassel, Gabriel, and Kerr, JJ.
Per Curiam Memorandum Opinion

## MEMORANDUM OPINION

Appellant Oscar Leonardo Portillo appeals from the trial court's judgment revoking his community supervision, adjudicating his guilt for driving while intoxicated "3rd OR MORE," sentencing him to eight years' confinement, and ordering him to pay $406 for a fine that was previously assessed but unpaid. *See* Tex. Penal Code Ann. § 49.09. After reviewing Appellant's court-appointed counsel's *Anders* brief and conducting an independent review of the record, we affirm.

Under the terms of a plea bargain, Appellant pleaded guilty to the offense of DWI "3rd or Subsequent." The trial court found Appellant guilty, sentenced him to ten years' confinement, suspended the sentence, and placed him on community supervision for ten years. Pursuant to the terms of the plea bargain, the trial court also imposed a nonsuspended $2,000 fine.

During the period of Appellant's community supervision, the State filed a motion to revoke. The State alleged that Appellant had violated eight conditions of his community supervision: (1) he failed to report on or about February 5, 2019; (2) he failed to remain in the State of Texas on or about February 5, 2019; (3) he failed to timely make monthly payments toward his fine, court costs, restitution, and legal fee reimbursement from October 2017 through May 2018, July 2018, September 2018, and November 2018 through January 2019; (4) he failed to timely pay a monthly community supervision fee for October 2017 through May 2018, July 2018, September 2018, and November 2018 through January 2019; (5) he failed to

participate in a community-service work program designated by the court; (6) he failed to attend, participate in, and successfully complete the DWI Repeat Offenders Program; (7) he failed to pay all costs associated with the Secure Continuous Remote Alcohol Monitoring (SCRAM) Program; and (8) he failed to download the SCRAM Program on or about January 18, 2019, as ordered by the trial court.

Appellant pleaded "true" to the alleged violations. The trial court found all the allegations to be true, revoked Appellant's community supervision, and sentenced Appellant to eight years' confinement "allowing for unpaid assessments, court costs, and credit against the sentence to be confirmed in the written judgment."

Appellant's court-appointed appellate counsel has filed a motion to withdraw as counsel and a brief in support of that motion. Counsel's brief and motion meet the requirements of *Anders v. California* by presenting a professional evaluation of the record demonstrating why there are no arguable grounds for relief. *See* 386 U.S. 738, 744, 87 S. Ct. 1396, 1400 (1967). In compliance with *Kelly v. State*, counsel notified Appellant of the motion to withdraw, provided him a copy of the brief, informed him of his right to file a pro se response, informed him of his pro se right to seek discretionary review should this court hold that the appeal is frivolous, and took concrete measures to facilitate Appellant's review of the appellate record. 436 S.W.3d 313, 319 (Tex. Crim. App. 2014). This court afforded Appellant the opportunity to file a response on his own behalf, but he did not so.

3

As the reviewing court, we must conduct an independent evaluation of the record to determine whether counsel is correct in determining that the appeal is frivolous. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *Mays v. State*, 904 S.W.2d 920, 923 (Tex. App.—Fort Worth 1995, no pet.). Only then may we grant counsel's motion to withdraw. *See Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).

We have carefully reviewed counsel's brief and the record. We agree with counsel that this appeal is wholly frivolous and without merit; we find nothing in the record that arguably might support an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005). Accordingly, we grant counsel's motion to withdraw and affirm the trial court's judgment.

Per Curiam

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: March 12, 2020