**Affirmed and Memorandum Opinion filed September 16, 2021.**



In The

# Fourteenth Court of Appeals

### NO. 14-19-00360-CR

### KEITH DAVIS ANDERSON, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the 27th District Court**
**Bell County, Texas[1]**
**Trial Court Cause No. 77981**

## MEMORANDUM OPINION

Appellant Keith Davis Anderson appeals his conviction for aggravated assault of a family member with a deadly weapon. Tex. Penal Code § 22.02(b)(1). Appellant's appointed counsel filed a brief concluding the appeal is frivolous and without merit. The brief meets the requirements of *Anders v. California*, 386 U.S.

---

[1] The Supreme Court of Texas ordered the Third Court of Appeals to transfer this appeal to the Fourteenth Court of Appeals. We must decide the case in accordance with the precedent of the Third Court of Appeals if our decisions otherwise would have been inconsistent with that court's precedent. *See* Tex. R. App. P. 41.3.

738 (1967), by presenting a professional evaluation of the record and demonstrating why there are no arguable grounds to be advanced. *See High v. State*, 573 S.W.2d 807, 811–13 (Tex. Crim. App. 1978).

A copy of counsel's brief was delivered to appellant. Appellant was advised of his right to inspect the appellate record and file a pro se response to the brief. *See Stafford v. State*, 813 S.W.2d 503, 512 (Tex. Crim. App. 1991). Appellant requested and received a copy of the record on August 29, 2019. As of this date, no pro se response has been filed.

We reviewed the record and counsel's brief and agree the appeal is frivolous and without merit. Further, we find no reversible error in the record. We are not to address the merits of each claim raised in an *Anders* brief when we have determined there are no arguable grounds for review. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005).

Counsel's brief raises the constitutionality of the time-payment fee and requests the judgment be modified. *See Dulin v. State*, 583 S.W.3d 351, 353 (Tex. App.—Austin 2019), *vacated*, 620 S.W.3d 129 (Tex. Crim. App. 2021). The assessment of the time-payment fee in appellant's case is premature because the pendency of appeal suspends the obligation to pay court costs. *Dulin*, 620 S.W.3d at 133. Accordingly, the fees should be struck in their entirety and there is no need to reach the constitutional argument. *Id.* at 133, n. 23.

We modify the trial court's judgment to strike the time-payment fee of $25, without prejudice to it being assessed later if, more than 30 days after the issuance of the appellate mandate, appellant has failed to completely pay any fine, court costs, or restitution that he owes. *Id*. As modified, the trial court's judgment is affirmed.

PER CURIAM

Panel consists of Justices Zimmerer, Poissant and Wilson.

Do Not Publish — Tex. R. App. P. 47.2(b).