

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-24-00173-CR

_____

KY JOSEPH, Appellant

V.

THE STATE OF TEXAS

---

On Appeal from the 432nd District Court
Tarrant County, Texas
Trial Court No. 1761485

---

Before Kerr, Birdwell, and Womack, JJ.
Memorandum Opinion by Justice Womack

# MEMORANDUM OPINION

Appellant Ky Joseph appeals his conviction and ten-year sentence of confinement for first-degree felony burglary of a habitation. *See* Tex. Penal Code Ann. §§ 12.32(a), 30.02(a)(1), (d). Joseph pleaded guilty[1] without an agreement on punishment.

On appeal, Joseph's counsel has filed a motion to withdraw and a brief in which he concludes that "no non-frivolous issue may be raised in this appeal." Counsel's motion and brief meet the requirements of *Anders v. California* by presenting a professional evaluation of the record demonstrating why there are no arguable grounds for relief. *See* 386 U.S. 738, 744, 87 S. Ct. 1396, 1400 (1967). Additionally, in compliance with *Kelly v. State*, counsel provided Joseph with copies of the *Anders* brief and motion to withdraw, and he informed Joseph of his rights to review the record and to file a pro se response. *See* 436 S.W.3d 313, 319 (Tex. Crim. App. 2014).[2]

---

[1]Specifically, Joseph pleaded guilty to the allegation that he had intentionally and knowingly entered a residence without the owner's consent, with the intent to commit kidnapping.

[2]Nowhere in his brief or motion does Joseph's counsel certify that he informed Joseph of his pro se right to seek discretionary review should this court declare his appeal frivolous, which is also required under *Kelly*. 436 S.W.3d at 319. Nevertheless, we accept counsel's *Anders* brief and motion despite this omission because by rule, within five days after we hand down our opinion, counsel is required to "send his client a copy of the opinion and judgment, along with notification of the defendant's right to file a *pro se* petition for discretionary review under Rule 68." Tex. R. App. P. 48.4. A petition for discretionary review must be filed with the clerk of the Texas Court of Criminal Appeals "within 30 days after either the day the court of appeals' judgment was rendered or the day the last timely motion for rehearing or timely

2

Although Joseph requested and obtained a copy of the appellate record, he has not filed a pro se response. The State declined to file a brief and instead filed a letter in which it agreed with appointed counsel that the appeal is frivolous.

After an appellant's court-appointed counsel fulfills the requirements of *Anders* and files a motion to withdraw on the ground that the appeal is frivolous, this court is obligated to undertake an independent examination of the record to see if there is any arguable ground that may be raised on his behalf. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). Only then may we grant counsel's motion to withdraw. *See Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).

After carefully reviewing the record and counsel's brief, we agree with counsel that this appeal is wholly frivolous and without merit; we have found nothing in the record that might arguably support the appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005). Accordingly, we grant counsel's motion to withdraw and affirm the trial court's judgment.

---

motion for en banc reconsideration was overruled by the court of appeals." Tex. R. App. P. 68.2(a), 68.3(a). Accordingly, although Joseph's counsel did not provide this necessary information to Joseph, we have provided it here, and we are confident that counsel will provide the necessary information to Joseph when complying with Rule 48.4. *See Hill v. State*, No. 02-21-00184-CR, 2023 WL 3643424, at *1 n.2 (Tex. App.— Fort Worth May 25, 2023, no pet.) (mem. op., not designated for publication).

3

/s/ Dana Womack

Dana Womack
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered:  March 27, 2025

4